## J. EAGER *v.* G. A. J. BROWN AND WIFE.

A deed of trust is the common law form of securing property to the wife.

Under the common law, a married woman cannot possess personal property independently of her husband, except when a trust is created for her sole benefit.

A deed of trust creates for the wife a separate estate, and her husband, as trustee, cannot reduce the property into his possession, so as to make it his own ; if he sells it while trustee, he holds the proceeds in trust, and not as owner.

A deed of trust executed in Alabama, vesting title in the wife to property, is valid after the removal of the parties to this State, and if the husband's affairs become embarrassed, the wife may claim a separation of property and the administration of her separate estate.

When property of the wife is sold in a foreign State, and the proceeds thereof are received by the husband in that State, the wife has no privilege upon the property of her husband for the same in this State.

If he receives the proceeds of the sale, while trustee of his wife, he is personally liable for the amount so received by him—but in a contest for the amount received by him, between the wife and his creditors, his personal liability to the wife, must yield to the rights of the creditors.

APPEAL from the District Court of the Parish of Ouachita, *Richardson,* J. *McGuire & Ray,* for plaintiff and appellant. *Baker & Ludeling,* for defendants.

COLE, J. Plaintiff, a judgment creditor of *Brown,* brings this suit against defendants, to set aside, on the ground of fraud, a judgment of separation of property obtained by his wife, *F. L. Bledsoe,* against him on the 5th of May, 1856, for $1,955, with interest, and which also declared her to be the owner of several slaves.

He also seeks to set aside a Sheriff's sale under *fi. fa.* in the case, by which she purchased two slaves and a carriage, seized and sold as the property of her husband, for $1,534, two-thirds of their appraised value, and credited her judgment by that amount.

The District Judge considered that the amount of her judgment against the husband for personal property, ought to be reduced to six hundred dollars, but rendered a judgment of nonsuit against plaintiff. The District Judge was of opinion that plaintiff was bound to pursue, by a different proceeding, his claim for a part of the proceeds of the sale, and relied upon the case of *Henderson* v. *Trousdale,* 10th An. p. 548.

The record shows, that *Brown* had no property at the time of his marriage with the defendant, *F. L. Bledsoe,* and before the celebration of the marriage, an ante-nuptial act of settlement was executed in the State of Alabama, in which it is declared, that a marriage is about to be solemnized between *George Brown* and *Frances L. Bledsoe,* and that the latter is possessed in her own right of a considerable personal estate, consisting of slaves ; also, a considerable amount of household and kitchen furniture, together with some stock, and an undivided interest or portion in the estate of *Samuel J. Bledsoe,* deceased, to which she is of right entitled, as the widow of said deceased, and which estate has not yet been fully administered.

That the said *Brown* being desirous of settling and securing this property, before described, as also the undivided interest in said deceased's estate, together with all the future increase of the female slaves, now owned by said *Frances L. Bledsoe,* or of those that may be drawn, as the distributive share in the estate of

*S. J. Bledsoe,* to the said *Frances L. Bledsoe,* for her *sole,* separate use and benefit, *free* from any debts, liabilities, contracts, or agreements, which the said *George Brown* may now owe, or which he may hereafter contract and owe, for the sum of five dollars in hand paid, and in consideration of the premises, the said *Frances L. Bledsoe* gave, granted and delivered to *George Brown,* all her right, title and interest to the said property, in trust, nevertheless, and for the following uses, interest and purposes, and no other, that is to say, in trust for the separate use and benefit of the said *Frances L. Bledsoe, free* from the claims, or demands, debts, liabilities, or contracts of him, the said *Brown,* now existing or that may hereafter exist.

And it is further agreed, between the said two parties to this indenture, that the said *Brown* may have the entire use and disposal of the money arising from the labor of said slaves, but shall have no power or authority to sell or dispose of any of the aforementioned property, or of its future increase. And the said *Brown* does hereby agree and promise to take said property into possession as trustee, with no other interest or claim than before stated.

It is further agreed, that the said *Frances L. Bledsoe* is not, by this indenture, to be debarred from making any future disposition of her property, different from that contained in these presents.

We have thus extracted from the indenture, what is necessary for this decision.

This deed of trust is the common law form of securing property to the wife. 2 Kent, 161 et seq.

As the common law prevails in Alabama, the general principle obtains there, that a married woman cannot possess personal property independently of the husband, except when a trust is created for her sole benefit.

The deed of trust aforesaid, created a separate estate for *Mrs. Brown;* and her husband, as trustee, could not reduce the personal property of the wife into his possession, so as to make it his own, for as he got possession of her property as trustee, he could not change the nature of his tenure of the same, and if he should sell it, when he was the trustee of his wife, he would hold the proceeds, as trustee, and not as owner.

The evidence shows that the defendant was entitled to the slaves, of which she was decreed to be the owner by the judgment of separation, and also to a claim for personal property belonging to her, and received by her husband.

The debt of plaintiff originated in the State of Louisiana, and several years after the execution of the deed of trust in Alabama, and the delivery of the property of the defendant to her husband as trustee. This property was, by the deed of trust, her separate property and estate after marriage.

As it was her property in the State of Alabama, she still retained her title to the same, when she and her husband came to reside in Louisiana, and she was entitled, therefore, to claim a separation of property, as her husband's affairs were embarassed, and also, the separate administration of her property.

The principal point upon which appellant relies for a reversal of the judgment of separation, is the correctness of the part of the judgment, which allows the defendant $1,935, and as she is obliged to sustain the validity of her judgment against the creditors of her husband, we shall now consider it.

It appears from the evidence, that *Mrs. Brown* was in part the owner of a note on *James Taylor,* being a part of her inheritance from the estate of her first husband, *B. F. Bledsoe;* and that, after the removal of herself and husband to

Louisiana, she instituted suit upon the same, and obtained judgment for $580, which was appropriated to the payment of her husband's debts. As this amount was received, or presumed to have been received, as head of the community, by the husband, in Louisiana, and as it belonged to his wife, she had a privilege upon his estate for the same.    2 An. 824.

Besides this sum, the appellee has asked us to amend the judgment, by allowing her $240 for household furniture and $335 for cattle.

It appears that the furniture and cattle were sold in the State of Alabama; she has not, therefore, a privilege upon the property of her husband in the State of Louisiana, for the reimbursement of the proceeds of their sale.

When property of the wife is sold in a foreign State, and the proceeds thereof are received by the husband in that State, the wife has no privilege upon the property of her husband in Louisiana for the same. But as the husband was trustee, he is, therefore, personally liable to the defendant for the proceeds so received by him; but in a contest with creditors, this personal liability to the wife must yield to the rights of the creditors of the husband.

We are of opinion, that under the prayer for general relief, we can now finally settle the rights of the parties to this suit. It would be useless to put them to the expenses of future litigation, when the evidence enables us to decide finally upon their respective rights at the present time.

As plaintiff is the only creditor contesting the judgment of separation of property, the rights of the defendant to that judgment can only be affected by the present judgment, so far as it is necessary, in order to secure the rights of plaintiff.

The amount that the defendant, *Mrs. Brown,* is really entitled to with privilege upon her husband's estate, independantly of the slaves, is $580, with five per centum interest thereon, from the 1st of September, 1855, till paid, and the costs of the suit of separation of property.

The property of her husband seized in satisfaction of the money part of the judgment of separation, was adjudicated to her for $1,534, on the 19th of May, 1856.

The amount of the judgment of plaintiff against *George Brown,* is $1,435, with five per cent. interest thereon, from the 4th of March, 1855, and costs of suit.

Plaintiff is, therefore, entitled to have the judgment of separation reduced so far as his rights are concerned, to the sum of $580, with five per cent. interest and costs, as aforesaid, with privilege upon her husband's property, and to obtain judgment against her for the difference between said sum of $580, with interest and costs as aforesaid, and the sum of $1,534, the proceeds of the sale of the property of her husband; this difference being the amount of the funds of her husband, which is in her hands and subject to the payment of his debts.

The interest upon the $580 is to be calculated up to the 19th of May, 1856, when she really received the same by purchasing the property of her husband, and crediting her debt against him by the price of his property bought by her.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; that the judgment of separation of property between *George A. J. Brown* and his wife, *F. L. Bledsoe,* be amended, so far as plaintiff is concerned, by reducing the money part of the same in favor of said *F. L. Bledsoe,* to the sum of $580, with five per centum interest thereon, from the 1st of September, 1855, until the 19th of May, 1856, and the costs of

the suit of separation aforesaid, with privilege and mortgage upon her said husband's property, to secure the same.

It is further ordered, adjudged and decreed, that plaintiff recover of the defendant, *Mrs. Brown*, the difference between $1,534 and $580, with five per cent. interest thereon, from the 1st of September, 1855, until the 19th of May, 1856, and the costs of suit of separation, including all the subsequent costs of writs of seizure, sale of property, and any other costs connected with the satisfaction of the judgment of *Mrs. Brown*.

It is further ordered, that the judgment of separation of property aforesaid, so amended, be affirmed, so far as plaintiff is concerned; and that the defendant and appellees pay the costs of both courts.