No. 2709

Second Circuit

BUCKLEY v. LINDSEY MERCANTILE CO., INC.

(Jan. 28, 1927. Opinion and Decree.)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Pleading—Par. 23; Judgment—Par. 10.

A prayer in a petition for all general and necessary decrees will be sufficient to warrant judgment decreeing plaintiff to be owner of the property where the petition asks for an order restraining the sale of the property and, if sold, the price paid by them for the property out of the proceeds of the sale.

2. Louisiana Digest—Things—Par. 5, 7.

In order for a movable to be immobilized by destination upon being attached to an immovable, it is essential that the ownership of the movable and immovable, must be in the same person.

3. Louisiana Digest—Things—Par. 11; Evidence—Par. 53, 58, 59.

The burden of proof is on the defendant who alleges that a movable property cannot be detached from an immovable without injury.

Appeal from the Third Judicial District Court of Louisiana, Parish of Union. Hon. S. D. Pearce, Judge.

Action by James E. Buckley, et al., against Lindsey Mercantile Co., Inc.

There was judgment for plaintiffs, and defendant appealed.

Judgment affirmed.

H. E. Dawkins, of Farmerville, attorney for plaintiffs, appellees.

S. L. Digby, of Farmerville, attorney for defendant, appellant.

WEBB, J. J. S. Cole was indebted unto the Lindsey Mercantile Company, Inc., the indebtedness being evidenced by promissory notes secured by mortgages on the property of the debtor, and amongst these notes was one for eighteen hundred and fifty-seven and 20-100 dollars of date January 20, 1922, due at one year from date, and secured by a mortgage of the same date on property which is specifically described as follows:

The NW¼ of the SE¼ and the W½ of the SE¼ of Section 18, and the N½ of the N½ of Section 19, Township 21 North of Range two (2) West in Union parish, Louisiana, less and except 40 acres sold to J. R. Bevans; containing 200 acres, more or less. And

"One gin house and lot, one engine and boiler, one double press, two gin stands, and feeders, pulleys, belts, shafting, etc., attached to and being a part of said gin outfit complete; said lot and outfit mentioned is located in Shiloh, Union parish, Louisiana."

The Lindsey Mercantile Company, Inc., filed suit against Cole for the various amounts alleged to be due it, praying for judgment with recognition of the various mortgages securing the indebtedness, and, on September 24, 1925, judgment was rendered against Cole by default with recognition of the mortgage above described, following which a fi. fa. was issued on the judgment and the sheriff seized the property of the defendant; his return showing, amongst other property, that described above, and was proceeding to advertise the same for sale when the plaintiff here, J. E. Buckley and J. M. Moore, filed the present action, alleging that the sheriff had seized—

"One Murray Cotton Press;
"Two Gullett Gin Stands and Feeders;

"Five pulleys;
"One Lubricator;
"One fan belt;
"One gasoline engine;
"One pump and belt;
"800 feet of one-inch pipe;"
property of the plaintiffs, and obtained an order under which the sheriff held the property alleged to be owned by plaintiffs during the pendency of the suit and in obeyance to the further orders of the court.

The Lindsey Mercantile Company, after filing an exception to the jurisdiction ratione personae, (which is not pressed here), answered, denying that plaintiffs were the owners of the property, and further alleged that if they were the owners the property had been attached to the mortgaged premises and was subject to the mortgage and judgment of the Lindsey Mercantile Company, Inc., against Cole.

Trial was had and judgment rendered decreeing the plaintiffs, J. E. Buckley and J. M. Moore, to be the owners and entitled to the possession of one Murray cotton press, two Gullett gin stands and feeders, five pulleys, one lubricator, one fan belt; and further decreeing that the gasoline engine, pump and belt, and eight hundred feet of one-inch pipe, were not seized by the sheriff and were therefore not involved in the suit.

The Lindsey Mercantile Company, Inc., appealed, and it urges that the judgment should be reversed for the following reasons:

First:   That the judgment recognizing plaintiffs as the owners of the property was not authorized by the prayer of plaintiffs' petition.

Second:   That the evidence does not establish plaintiffs' ownership of the property, and if so, it shows the property to have been so attached to the property of Cole which was covered by the mortgage and seized by the sheriff as to have lost its identity.

On the trial in the district court the parties presented their claims without regard to defenses, which might be considered technical, and we confine our discussion solely to the questions raised by the appellant, Lindsey Mercantile Company, Inc.

I.

The plaintiffs alleged that they were the owners of the property described, and asked for an order restraining the sale of the property, and they prayed for the issuance of the order and that it be maintained on final hearing, and in the event the court should determine that any part of the property was subject to the judgment of the Lindsey Mercantile Company, Inc., that plaintiffs have judgment for the price paid by them for the property to be paid out of the proceeds of sale; and further prayed for all general and necessary decrees.

The defendant denied plaintiffs' alleged ownership, and defendant, of course, could not have been surprised by the evidence introduced on that question; and we are of the opinion that the prayer for all general and necessary decrees, when considered with the allegations of the petition, was sufficient to warrant the judgment decreeing the plaintiffs to be the owners of the property, the decree not being in conflict with the relief specifically prayed for.

Newton vs. Gray, 10 La. Ann. 67.

Espinola vs. Blasco, 15 La. Ann. 426.

Henry Lochte vs. Lefebre, 124 La. 244, 50 So. 26.

Kinder vs. Scharff, 125 La. 594, 51 So. 654.

Also—

Eagan vs. Brown, 14 La. Ann. 684.

Bloch & Co. vs. Menard 2 Orl. App. 436.

## II.

The property claimed by plaintiffs was placed on the mortgaged premises subsequent to the date of the mortgage, and there is not any evidence in the record in conflict with the testimony of the plaintiff and J. T. Cole, who stated that the property had ·been purchased by plaintiffs and placed by them on the property with the consent of Cole and that it was not sold to Cole, but was placed on the property and attached to the gin plant merely for the purpose of enabling the plaintiffs and others to have their cotton ginned; and we are of the opinion that the ownership of the plaintiffs is conclusively established.

The evidence relative to the manner in which plaintiffs' property was attached, we find, would have been sufficient to have immobilized it had it been the property of J. T. Cole, the owner of the immovable to which plaintiffs' property was attached; but it must be conceded that in order for an object or thing which, from its nature, is movable, to be immobilized by destination on being attached to an immovable, it is essential that the ownership of the movable and immovable, must be in the same person.

Hibernia Bank vs. Planting Co., 107 La. 650, 31 So. 1031.

And it follows that plaintiffs' property was not immobilized by being attached to the property of J. T. Cole, and from this point of view it cannot be said that plaintiffs' property was covered by the mortgage given by Cole, or that the property of the plaintiffs had become subject to the judgment rendered against Cole; and if the plaintiffs' property became subject to the mortgage given by Cole, or to the payment of the judgment rendered against him, it must have been for another reason than its having been immobilized by destination.

It is not contended, of course, that the plaintiffs' property has lost its physical identity, and the evidence shows that it may be detached without inury to the property to which it was attached; and while it may be that some of the property, pipe and lubricator, might have been used in repairing the machinery, the evidence does not establish that fact; and if it was so used and could not be detached, the burden of proof was on the defendant.

The judgment is affirmed.