NEWTON *v.* GRAY & CAMPBELL et al.

| 10 | 67 |<br>| 49 | 478 |

Under the statute of Arkansas, the assignment of a promissory note does not prevent the allowance of discounts or offsets either in law or equity, which the maker had against the original assignor, previous to the assignment, although the assignee be a *bona fide* holder. But where the subject of the setoff was money advanced by the maker of the note to take up his accommodation acceptances, made for the benefit of the payee, he will not be allowed to plead that payment as a setoff *to the prejudice of an attaching creditor* who had seized the notes as the property of the payee before the advance was made.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Goold*, for plaintiff and appellant. *Hunton* and *Bradford*, for *Gray & Campbell*. *H. D. Ogden*, for *Montross & Stillwell*.

SLIDELL, C. J. In 1848, the plaintiff made, in Arkansas, his five promissory notes in favor of *Byrd*, payable respectively in February, 1850, 1851, 1852,

1853, 1854. The last four notes were endorsed by *Byrd*, to the commercial firm of *Southwick & Byrd*, of which he was a member, who delivered them at New Orleans, in March, 1848, under an informal act of pledge, to *Gray & Campbell*, as security for the protection of the accommodation acceptances of the latter. These notes were also attached by *Gray & Campbell* in their own hands, at New Orleans, for a debt of *Southwick & Byrd*, in January, 1850. The other note was attached, at New Orleans, by *Montross & Stillwell*, creditors of *Byrd*, on an earlier day in the same year. The present suit was brought by *Newton*, in February, 1851. He alleges that the notes were given for a part of the price of a plantation in Arkansas, the residue of the price being composed of an amount of incumbrances which the buyer was to discharge ; that the amount of incumbrances was in fact greater by a sum of $2,424 24, than was represented by the vendor, which excess the plaintiff had been forced to pay. He also alleged, that he had endorsed bills of exchange for *Byrd's* accommodation, on which judgment had been rendered against him, to an amount of $2,965 20, which he had also been forced to pay ; and that he was entitled, under the law of Arkansas, to setoff the amount so paid against the notes in the hands of the defendants.

The pretentions of the plaintiff were sustained by the court below, as to the amount paid for the excessive incumbrances. That amount was first applied to the first note which it extinguished, and then to the four notes held by *Gray & Campbell*, which were thus only partially extinguished. The claim of setoff for the amount paid for the accommodation endorsement was rejected. From this judgment, the plaintiff alone appealed. In answer to the appeal filed by *Montross & Stillwell*, they pray that the judgment be amended, by deducting from all the notes *pro rata*, the amount paid for the excess of incumbrances.

From the evidence, it appears that the general law, in regard to commercial paper, has been modified by the statute of Arkansas, which enacts that all instruments for the payment of money or property shall be assignable, and the assignee may sue on the same in his own name as assignee, in the same manner as the original payee might or could do ; and further, that this provision shall not change the nature of the defence or prevent the allowance of discounts or offsets either in law or equity, that any defendant may have against the original assignor, previous to the assignment, and that all assignments shall bear date of the true day on which they are made, and all blank assignments be taken to have been made on such day as shall be most to the advantage of the defendant.

Under this legislation, we think it clear that the plaintiff was entitled to relief to the amount paid for the excess of incumbrances on the property purchased. There was a failure of consideration for the notes *pro tanto*. It was an infirmity contemporaneous with their execution, and the equitable defence in such case, is clearly reserved by the law of the place where the contract was made, even against subsequent *bona fide* holders. See *Oldham* v. *Wallace*, 4 Arkansas Rep. 561.

With regard to the claim of setoff for the amount paid on the accommodation endorsements, we think it was properly rejected. That payment was not made until March, 1851. A year before that date, the attachments of the defendants were levied. The fact that the plaintiff had furnished his accommodation endorsement to *Byrd*, was not, of itself, a ground for the allowance of a setoff, either in law or equity. It was only upon payment of the bills that

his right to a setoff accrued. But the right then accruing cannot be permit-<br>
ted to retroact so as to defeat a right by attachment previously acquired. *Mur-*<br>
*ray* v. *Gibson*, 2 Ann. 314. Civil Code, 2212. *Chance* v. *Isaacs*, 5 Paige, 594.<br>
*A fortiori*, it cannot retroact to the detriment of an endorsee before maturity.

<div style="float:right">NEWTON<br>*v.*<br>GRAY.</div>

*Montross & Stillwell* dispute the mode in which the reduction has been im-<br>
puted by the court below, and ask an amendment imputing it *pro rata* on all<br>
the notes.

Waiving the inquiry, whether *Montross & Stillwell*, not having appealed,<br>
can, by virtue of their answer to the appeal of the plaintiff, ask an amendment<br>
detrimental to their co-appellees, we proceed to decide the point in contro-<br>
versy.

*Byrd*, as we have seen, had assigned the last four notes of the series to *Gray*<br>
*& Campbell*, before maturity, but still continues the owner of the first note,<br>
although it is now held by the Sheriff under the subsequent attachment of<br>
*Montross & Stillwell*. As the latter have only the rights of an attaching cre-<br>
ditor in respect to the first note, they cannot pretend, as against the assignees<br>
of the four notes, greater rights than *Byrd*, the assignor, had; and it is clear<br>
that as between *Byrd* and *Gray & Campbell*, the offset would be properly im-<br>
puted to the note which he had not assigned, rather than to the notes which<br>
he had assigned. As he was unquestionably bound in equity to permit the<br>
imputation to be so made, the attaching creditors, taking his right, are in no<br>
better position.

As to *Newton*, it is true he asked for a *pro rata* imputation, but he also stated<br>
the facts, and asked for all such relief as equity would sanction, and to change<br>
the judgment against him on account of this suggestion in his petition, would<br>
be clearly unequitable.

Judgment affirmed, with costs.