## No. 697.—ETHAN ALLEN *v.* JOHN TARLTON et al.

Payments made before emancipation, on a debt contracted for the sale of a plantation and slaves, discharge the debt *pro tanto.* But that which is found to be due after emancipation can only be enforced for that portion which is not for slaves, in the proportion that each bears to the entire debt. Sandidge *v.* Sanderson, 21 An. 757.

A mortgage debtor can not be allowed, in defense, to a proceeding to enforce the mortgage rights, to urge the plea of domicile in bar of the proceedings *in rem.*

Credits placed on promissory notes must, in computing the amount still due, be applied first to the extinguishment of the interest due at their respective dates.

APPEAL from District Court, parish of St. Mary. *Gates,* J. *A. L. Tucker,* for plaintiff and appellee. *McMillan & Mossy, Gibbon & Wilson,* and *Olivier & Dumartrait,* for defendants and appellants.

WYLY, J. In December, 1856, the plaintiff, Ethan Allen, sold to Mrs. Elizabeth McWaters, in the parish of St. Mary, two tracts of land, and about twenty-eight slaves, the purchaser paying ten thousand dollars cash, assuming certain mortgage notes of her vendor, and executing to him a series of promissory notes for the balance of the price; also, executing a mortgage on the property to secure the deferred payments.

A few months after her purchase, Mrs. McWaters sold the same property to John Tarlton for $75,000, who paid $10,000 in cash, assumed his vendors liabilities existing on the property, and for the balance executed his promissory notes, securing the credit part of the price by special mortgage on the property bought, and also on certain other property which he owned. This action is based on the last note of the series executed by Mrs. McWaters to Ethan Allen, and assumed by John Tarlton. In it the plaintiff seeks to recover a personal judgment against each of the defendants; and also to render executory the mortgage given by Mrs. McWaters and the mortgage given by John Tarlton. Mrs. McWaters pleaded in defense, the slave consideration of the note, and Tarlton pleaded an exception of domicile; and, in event it should be everruled, pleaded the general issue.

The court gave judgment for the amount claimed against the defendants, except Tarlton, who did not reside in the parish, and rendered both mortgages executory. The defendants have appealed.

It appears from the evidence, that the slaves embraced in the purchase of Mrs. McWaters from Ethan Allen, were worth $28,300, and the other property was worth $21,700; that all the installments of that purchase have been paid, except the note in suit, which has several credits indorsed thereon; that all these payments were made prior to emancipation. By the law then in force, they must be regarded as discharging *pro tanto* the debt—there being neither legal nor conventional imputation.

Under the doctrine of Sandidge *v.* Sanderson, 21 An. 757, the debt must be apportioned, and judgment can only be had for that proportion thereof which was not for slaves.

The position taken by John Tarlton to escape judgment *in rem*, is ingenious but not sound. His exception of domicile was not passed on prior to trial on the merits. It was considered only in the judgment on the merits. He was present and gave evidence at the trial, and it would be strange if the judge could not render executory the mortgage granted by him, on account of the exception of domicile which saved him from the consequences of a personal judgment also. We think the plaintiff was clearly entitled to have judgment against the property hypothecated by Tarlton; and that, as to him, there is no error in the judgment except as to amount. In the note before us the several credits should be applied to the interest which they extinguish up to the first of January, 1863, at which date the interest will begin on that part of the debt ascertained not to be for slaves, which we estimate at $4200.

It is therefore ordered that the amount of the judgment be reduced $4200, bearing interest at per cent. from first of January, 1863, and as thus amended, that the judgment of the court below be affirmed. It is further ordered that plaintiff pay costs of appeal.

Rehearing refused.