148 So. 693

**CANAL BANK & TRUST CO. v. GRECO et al.**

**In re GRECO et al.**

**No. 32180.**

Jan. 30, 1933.

On Rehearing May 29, 1933.

Eugene S. Hayford, of New Orleans, for applicants.

Dart & Dart and Leo L. Dubourg, all of New Orleans, for respondent.

LAND, Justice.

Canal Bank & Trust Company instituted the present suit in the civil district court for the parish of Orleans against Constant Greco, a resident of the parish of St. Tammany, for an indebtedness alleged to be due by him to petitioner, amounting in principal to $70,000, represented by two promissory notes as follows:

(1) A certain promissory note dated New Orleans, La., February 29, 1928, for the sum of $60,000, signed by Constant Greco, bearing 6½ per cent. per annum interest from February 29, 1928, to March 1, 1929, and 7 per cent. per annum interest from March 1, 1929, until paid, interest payable semiannually to order of petitioner on demand.

(2) A certain promissory note dated New Orleans, La., March 9, 1928, for the sum of $20,000, signed by Constant Greco, bearing 6½ per cent. interest from March 9, 1928, to March 1, 1929, and 7 per cent. per annum interest from March 1, 1929, until paid, payable to order of petitioner on demand.

The interest on both of these notes was paid to February 28, 1931, and the note of March 9, 1928, is subject to a credit on the principal amount thereof of $10,000, leaving a balance due of $10,000.

These two notes are also subject to a further credit of $1,699, the amount of four rent notes of $424.75 each, collected by petitioner for account of the defendant Greco.

Both of the above notes provide that, should payment not be made when due, they shall be placed in the hands of an attorney for collection, the attorney's fees therein being fixed at 10 per cent. of the amount due.

The Canal Bank & Trust Company also alleges that it is the holder of a certain promissory note, dated New Orleans, La., February 29, 1928, for the sum of $80,000, bearing 6½ per cent. per annum interest from date until paid, interest payable semiannually, drawn and signed by Constant Greco to his own order and by him indorsed; that this note is secured by act of mortgage, importing confession of judgment, waiving benefit of appraisement, and containing pact de non alienando, in favor of any future holder; and that the payment of this note at maturity in principal, interest, attorney's fees, etc., is secured by mortgage on certain described real estate and improvements, situated in the city of New Orleans, parish of Orleans.

The Canal Bank & Trust Company further alleges that this mortgage note was pledged to it for the indebtedness evidenced by the two promissory notes sued upon in this case by the bank, which also claims in the present

suit the amount of certain state and city taxes paid by the bank, upon the alleged failure of Greco to pay same.

The bank has also made the Lux Realty Company, Inc., a Louisiana corporation, a party defendant to this suit, on the allegation that this company had purchased the property in the city of New Orleans, parish of Orleans, covered by the bank's $80,000 mortgage, and had assumed payment of the same as a part of the purchase price. This assumpsit placed the Lux Realty Company in the same position, relative to the bank, as that occupied by the original debtor, Greco. The act of mortgage made by the original mortgagor imported a confession of judgment. Executory process could have issued against the property while it remained in his possession. It may issue against it when held by a party who has assumed the obligation of the mortgage, as the Lux Realty Company has done in this case. Henry v. Goldman, 27 La. Ann. 670; Woodward v. Dashiell, 15 La. 184, 185. Consequently, the enforcement of the special mortgage herein can be made against that company via ordinaria as well as against Greco.

The defendant, Greco, claiming to have his domicile in the parish of St. Tammany, and the Lux Realty Company, Inc., claiming to have its domicile in St. Bernard parish, excepted ratione personæ to the jurisdiction of the civil district court for the parish of Orleans, where the mortgaged property is situated. These exceptions were overruled, and, upon refusal of the trial judge to grant to relators suspensive appeals, they applied to this court for writs of prohibition.

The bank prays "that Constant Greco and Lux Realty Company, Inc., through its proper officer, be duly cited to appear and answer this petition and, after due proceedings had, (that) there be judgment in favor of petitioner and against said Constant Greco and Lux Realty Company, Inc., in solido as follows: that there be judgment against said two defendants in the sum of seventy thousand dollars ($70,000) with 7% per annum interest thereon from February 28, 1931, until paid, and 10% additional on the total amount as attorneys' fees, subject to a credit of $1,699; that there be judgment against said two defendants in the further sum of $266.27, with 8% per annum interest thereon from August 23, 1932, until paid; and that there be judgment in favor of petitioner and against said Constant Greco and said Lux Realty Company, Inc., recognizing petitioner's said mortgage on the property hereinabove described to secure the payment of the said amount in principal, interest, attorneys' fees and costs, the said amount to be paid by preference and priority over all other claims whatsoever out of the sale of the mortgaged property; that there also be judgment in favor of petitioner and against defendant, Constant Greco, in the further sum of $275.00, with 8% interest from April 4, 1932, until paid, together with 10% additional on the amount of said principal and interest as attorneys' fees."

The general rule is that a debtor must be sued before the judge having jurisdiction over the place where he has his domicile or residence. C. P. art. 162. However, it is provided in article 163 of the Code of Practice, as amended by Act No. 64 of 1876, that: "In action of revendication of real property, or

where proceedings are instituted, in order to obtain the seizure and the sale of real property, in virtue of an act of hypothecation importing confession of judgment, and in actions brought to enforce a legal or judicial mortgage against a third possessor, and in actions against a third possessor to enforce a special mortgage, * * * the defendant may be cited, whether in the first instance or in appeal, either within the jurisdiction where the property revendicated, hypothecated or provisionally seized or sequestered is situated or found, though he has his domicile or residence out of that jurisdiction, or in that where the defendant has his domicile, as the plaintiff chooses; provided, that all judgments rendered in such cases shall only be operative up to the value of the property proceeded against, and not binding for any excess over the value of the property in personam against the defendant."

The action of the bank in this case is via ordinaria against Greco, the original mortgagor, and against the Lux Realty Company, Inc., which assumed, as part of the purchase price, the mortgage of $80,000 granted to the bank by Greco. This action is brought in the parish of Orleans where the property hypothecated is situated.

The prayer of the bank is for judgment on the two hand notes of Greco, the principal obligations, and for recognition of the mortgage, or collateral security, held by the bank.

Greco executed the principal notes for $80,000, and the mortgage, or collateral note, for the same amount.

It is not contended that Greco owes the bank $160,000, because the bank owns both the principal notes and the collateral note, the only effect of the latter being to give to the bank a preference or priority over the other creditors of Greco.

There is but one indebtedness in this case due the bank, secured by one and the same mortgage, evidenced by authentic act importing confession of judgment. Evidently, the bank could have issued executory process by direct suit on the mortgage note in the civil district court for the parish of Orleans, had the bank so desired.

We fail to see, therefore, any good reason why the civil district court should have lost its jurisdiction over the hypothecated property within the parish of Orleans, merely because the bank saw fit to enforce its mortgage via ordinaria instead of via executiva.

As the property mortgaged is located in the parish of Orleans, the civil district court for that parish has jurisdiction of the present suit.

Under this view of the case, it is unimportant whether the Lux Realty Company, Inc., originally domiciled in the parish of Orleans, had changed its domicile to St. Bernard parish, in the manner required by section 37, par. 1, of Act No. 250 of 1928, prior to the institution of the present suit.

Nor, as touching the question of jurisdiction, do we find it necessary to pass upon the issue as to whether the defendants are joint or solidary obligors. C. P. art. 165, par. 6.

It is also immaterial that the prayer of the bank is for judgment in personam, since, under the mandatory provisions of article 163 of the Code of Practice, as amended by Act No. 64 of 1876, whatever judgment is ren-

dered in this case can be operative only up to the value of the property proceeded against.

It is therefore ordered that the rule nisi issued herein be recalled, and that relators' application for writs of prohibition be dismissed at their cost.

### On Rehearing.

OVERTON, Justice.

Due to a dispute as to what notes were sued on, and to certain alleged errors in our former statement of the case, we deem it best to restate the case. In the restatement it will appear what notes we deem are sued upon.

The suit is upon a promissory note, dated February 29, 1928, for the sum of $80,000 with 6½ per cent. yearly interest thereon from date, the interest being payable semi-annually, made by Constant Greco, one of the defendants, to his own order, and by him indorsed in blank. The note is paraphed "Ne Varietur" to identify it with an act of mortgage. This mortgage is alleged to be duly recorded in the mortgage records of Orleans parish. The mortgage was given to secure the note, not only in principal and interest, but in taxes that might be paid by its holder, and in attorney's fees that might be incurred in collecting it. The mortgage was granted on certain valuable property in the city of New Orleans. It imports a confession of judgment and contains the pact de non alien-ando. The mortgage is alleged to have been assumed, some time after it was issued, by the Lux Realty Co., Inc., the remaining defendant herein, in part settlement of the

price of certain real estate, including that mortgaged, purchased from the defendant Greco.

This note, the petition sets forth, was pledged to plaintiff by Greco for an indebtedness due by him to plaintiff, amounting in principal to $80,000, represented by two certain promissory notes, one dated February 29, 1928, for $60,000, made by Greco, bearing 6½ per cent. yearly interest from February 29, 1928, to March 1, 1929, and 7 per cent. yearly interest from March 1, 1929, until paid, interest payable semiannually, payable to the order of plaintiff on demand, and the other dated March 9, 1928, for the sum of $20,000, made by Greco, bearing 6½ per cent. yearly interest from March 9, 1928, to March 1, 1929, and 7 per cent. yearly interest from March 1, 1929, until paid, payable to the order of plaintiff on demand. The interest on both of these notes has been paid to February 28, 1931, and the note of March 9, 1928, for $20,000, is subject to a credit, on the principal thereof, of $10,000. These two notes are also subject to an additional credit of $1,699, which does not seem to have been imputed to either to the exclusion of the other. Both notes provide for the payment of 10 per cent. attorney's fees.

Greco failed to pay the state taxes for the year 1931, on the property mortgaged, it is alleged, and plaintiff paid them, amounting to $266.27. Under the terms of the mortgage, plaintiff, it is alleged, is entitled to interest on the amount so paid at the rate of 8 per cent. per annum from the date of payment, namely, August 23, 1932, until paid.

The suit, in addition to its being on the mortgage note for $80,000, is also on a note,

·dated March 4, 1932, for $275, bearing 8 per cent. yearly interest from maturity, until paid, and providing for the payment of attorney's fees at the rate of 10 per cent., made by Greco, payable to the order of plaintiff, and maturing thirty days after date. This note is not alleged to be secured by anything.

Both Greco and the Lux Realty Company, Inc., are made parties to the suit, and judgment is demanded against both in solido for the sum of $70,000, with 7 per cent. yearly interest thereon from February 28, 1931, until paid, with 10 per cent. additional on the total amount as attorney's fees, subject to a credit of $1,699, and for judgment against both of them in the sum of $266.27, with 8 per cent. yearly interest thereon from August 23, 1932, until paid, and for judgment against each defendant recognizing plaintiff's mortgage, given to secure the payment of the foregoing indebtedness in principal, interest, attorney's fees, and costs, the amount thereof to be ordered paid by preference over all other claims whatsoever out of the sale of the mortgaged property, and for judgment against Greco alone in the further sum of $275, with 8 per cent. yearly interest thereon from April 4, 1932, until paid, with 10 per cent. additional as attorney's fees.

The suit, contrary to the position taken by Greco and the Lux Realty Company, Inc., is one on the mortgage note, and not on the two notes which the mortgage note was given as collateral to secure, also upon the taxes paid, secured by the mortgage, and, beyond this, upon the unsecured note for the payment of which Greco alone is bound, amounting to $275.

The only reason why the two notes, secured by the mortgage note, are set forth in the petition, with the credit thereon of $10,000, and the additional credit of $1,699, is the manifest desire to show the extent of plaintiff's interest in the mortgage note. As plaintiff obviously did not care to enforce the mortgage note for more than was due it on the two notes that the mortgage note was given to secure, it demanded judgment in its prayer for the principal sum of $70,000, with interest and attorney's fees, and for the taxes paid. The allegations and prayer of the petition make the foregoing clear.

Having determined what the suit rests on, we reach the main question at issue, to which the foregoing is merely a preliminary. This issue is whether the lower court had jurisdiction over the persons of defendants.

The general rule is that a person must be sued at his domicile. Code of Practice, art. 162. Greco urges that his domicile is not in the parish of Orleans, but that it is in the parish of St. Tammany, and hence that the civil district court for the parish of Orleans has not jurisdiction over his person. The Lux Realty Company, Inc., while originally domiciled in the parish of Orleans, urges that, prior to this suit, it changed its domicile to the parish of St. Bernard, and hence that the lower court has no personal jurisdiction over it.

There is no question, as appears from the evidence adduced, that Greco, though once residing in the parish of Orleans, for some four or five years before the institution of this suit has been a resident of the parish

of St. Tammany. It does not follow, however, necessarily, that, because he is a resident of that parish, this suit cannot be maintained against him personally in the parish of Orleans, for it may, provided that the indebtedness is one that is either joint or joint and several, and provided that the Lux Realty Company, Inc., is domiciled in the parish of Orleans, for where the defendants are joint or solidary obligors they may be cited at the domicile of any one of them. Paragraph 6 of article 165 of Code of Practice. The obligation of defendants on the mortgage note, made by one of them, namely, Greco, and assumed by the other, namely, the Lux Realty Company, Inc., is an obligation in solido. Vinet, Executor, v. Bres and Richardson, 48 La. Ann. 1254, 1272, 20 So. 693. The assumption, so far as appears, is a perfectly valid one, made for a serious consideration. Therefore, we must ascertain whether the Lux Realty Company, Inc., was domiciled, when the suit was brought and the company cited, in the parish of Orleans.

Citation was served on October 3, 1932, by delivery, in the parish of Orleans, to the company's last known president. It appears that the stockholders, on March 16, 1932, upon the occasion of their annual meeting, at the then domicile of the company in the city of New Orleans, called together for the purpose of electing directors and officers for the ensuing year, they having been notified that all of them present, as well as the new board of directors, would be called upon to vote upon the advisability of changing the domicile of the corporation from the city of New Orleans to St. Bernard post office, in the parish of St. Bernard, pursuant to this notice,

proceeded to elect directors and officers to succeed the old directors and officers. This having been done, the president announced that there had been some discussion by the old board of directors as to the advisability of changing the domicile of the corporation from New Orleans to St. Bernard parish, and appointing two resident agents for the company. Thereupon, the following resolution was put:

"That article 1 of the company's charter be amended to read: that the domicile of this corporation shall, after notice duly given, be in the parish of St. Bernard, State of Louisiana, where all citations and legal processes shall be served upon the president or in his absence upon the vice-president, or upon his absence upon the secretary and in the event of the absence of all officers then upon Stephen Rodriguez or Joseph Accardo, resident agents, whose officers are in the St. Bernard courthouse in the parish of St. Bernard, State of Louisiana."

This resolution, the minutes recite, was approved by all stockholders of record, who were present and voted, and unanimously adopted by the newly elected directors, who had accepted their offices and had qualified. Thereupon the resolution was declared adopted. Certified copies of it were ordered sent to the secretary of state, and ordered filed in the office of the clerk of court for the parish of Orleans and of the clerk of court for the parish of St. Bernard, and were ordered recorded in the mortgage offices of both parishes.

A question is raised concerning the manner of adopting the resolution and of its failure to state the new post office address of the

company. It is urged by defendant that the manner of the adoption of the resolution and its failure to state the company's new address is fatal to the change of domicile that it proposes.

The law pertinent to the change of corporate domiciles is to be found in section 37 of Act 250 of 1928. Subdivision 1 of section 37 of the act, the part of the section which is pertinent, reads as follows:

"Every corporation shall maintain an office in this State to be known as its registered office. The location and post-office address of the registered office shall, in the first instance, be stated in the articles as provided in subdivision I of Section 3 of this Act, and a written notice thereof shall be filed with the Clerk of the District Court of the parish in which such registered office is located, who shall make and keep a permanent record thereof for public inspection. After incorporation, a change in the location of the registered office may be authorized at any time by a vote of the board of directors, but within thirty days after such change is made, notice of such change and of the post-office address of the new registered office shall be filed with the Secretary of State and with the Clerk of the District Court of the parish in which such office is located, both of whom shall make and keep a permanent record thereof for public inspection. The designation of a registered office shall stand unless and until a change be made therein and notice filed in the manner hereinabove authorized. If the registered office be changed from one parish to another, the notice above required shall be filed with the Clerk of the District Court of both the parish from which and to which the registered office is removed. If the registered office of the corporation be in a building or structure not wholly occupied by the corporation, the exact location of the registered office in such building or structure shall be included in every notice hereinabove mentioned. For all purposes, the registered office shall be considered the domicile of the corporation."

Plaintiff urges that the resolution adopted is not a sufficient compliance with the statute to effect a change of domicile from one parish to another, because it was adopted at a stockholders' meeting and not at a meeting of the directors, and, further, because the resolution does not state the post office address of the new domicile.

The resolution, it is true, was submitted at a meeting of the stockholders, but it was submitted, not only to the stockholders, but to the newly elected and qualified directors, who adopted the resolution unanimously. The vote of the stockholders, as such, may be deemed to be surplusage, and disregarded, and effect be given to the vote of the directors.

The resolution, it is also true, fails to state on its face the new post office address of the corporation, which apparently is an oversight, or possibly an omission in transcribing the resolution, which is here taken from the minutes of the stockholders' meeting. However, the minutes disclose that the directors had before them the proposed new post office, which was given them by the president in opening the stockholders' meeting, at which the new directors were present, and it is reasonable to infer that this recital

was treated by the directors as part of the resolution. They hardly would have voted for the resolution without knowing in what part of the parish of St. Bernard the registered office or domicile of the corporation would be located. This inference is supported by the certificate of the secretary of state who certifies that a copy of the resolution, changing the domicile to St. Bernard, parish of St. Bernard, state of Louisiana, was filed in his office and recorded. We think that there has been, while, perhaps, not a literal compliance with the statute yet a substantial compliance with it, and hence it should be held that the change of domicile to St. Bernard, St. Bernard parish, was effected.

In view of this conclusion, and since neither of the defendants, when cited, were residents of the parish of Orleans, we think that the civil district court for the parish of Orleans has not jurisdiction in this case to render a judgment in personam on the mortgage indebtedness. However, we think that the civil district court has jurisdiction over the proceeding, so far as it is one in rem, the property being located in the parish of Orleans. A proceeding on such a mortgage, importing a confession of judgment, may be instituted in rem by ordinary process. Allen v. Tarlton, 22 La. Ann. 427.

The judgment below sustained, and properly so, the exception to the jurisdiction on the demand against Greco alone on the unsecured note of $275, made by Greco, but in other respects overruled the exception to the jurisdiction ratione personæ. This judgment will have to be amended so as to restrict the jurisdiction to a proceeding in rem.

For these reasons, the judgment below is

amended by confining the jurisdiction of the civil district court, over this proceeding, to jurisdiction in rem, and dismissing the suit, so far as it is in personam, and in all other respects the judgment is affirmed.