182 So. 314

### HIBERNIA BANK & TRUST CO. v. LACOSTE.

#### No. 34494.

May 30, 1938.

Dufour, St. Paul, Levy & Miceli and Philip E. James, all of New Orleans, for appellants.

Baldwin J. Allen, of New Orleans, for appellee.

HIGGINS, Justice.

The plaintiffs instituted foreclosure proceedings via ordinaria on a mortgage note signed by the defendant in the sum of $4,-500.00, payable one year after date and secured by a mortgage on real estate situated in the jurisdiction of the court. They prayed for service of citation on the defendant and for judgment against her for the full amount due, together with interest, attorneys' fees and costs; for recognition of the mortgage, and for the sale of the mortgaged property at public auction, and that, out of the proceeds thereof, their claim be satisfied by preference and priority, and, if not sufficient, that the unpaid balance of the judgment be enforced against any other property of the defendant; and for all equitable and general relief.

Upon the sheriff's return that the defendant could not be found within the ju-

risdiction of the court, the plaintiffs filed a motion for the appointment of a curator ad hoc to represent the absentee, it being contemplated that the proceedings could be carried on contradictorily with the curator as an action in rem, the judgment to be obtained to be executory up to the value of the mortgaged property within the jurisdiction of the court. The judge appointed a curator ad hoc to represent the absentee.

The curator filed a general denial and on the trial the plaintiffs proved their case by introducing in evidence the note and the act of mortgage, which were properly identified, and testimony was offered to show that the note was due in its entirety.

The curator then filed an exception to the jurisdiction of the court ratione personae and testimony was taken showing that the defendant was a nonresident. It was argued that as the proceedings instituted by the plaintiff did not bring the property into the "gremio legis" of the court by seizure, the district judge had no right to render judgment even against the property.

Thereupon, the plaintiffs informed the trial judge they only desired to continue the proceedings in rem against the mortgaged property with the judgment to be rendered to be executory up to the value of the mortgaged property, and that, in the event the judge was of the opinion that the prayer of the petition was insufficient for that purpose, plaintiffs would amend their petition, and requested permission to do so. The trial judge refused to permit the amendment, maintained the exception and dismissed plaintiffs' suit.

Plaintiffs then filed a motion for a new trial on the ground that the prayer of the petition was sufficient under which to render a judgment in rem against the mortgaged property within the jurisdiction of the court, particularly as the greater included the lesser, and the prayer was for equitable and general relief; the judgment in no wise to constitute a personal one against the defendant.

The motion for the new trial was denied, the Court being of the opinion that it was without jurisdiction ratione personae since the action as instituted by the plaintiff was not one solely in rem, the property not having been seized.

Plaintiffs have appealed.

■ The act of mortgage contains the usual waiver of appraisement, pact de non alienando and confession of judgment clauses. The plaintiffs, therefore, could have proceeded via executiva, which is strictly an in rem proceeding, via ordinaria, which is also an in rem action, or, sued the defendant in personam on the note. The petition is a combination of an action via ordinaria and in personam. The plaintiffs were entitled to amend their petition as requested for the purpose of waiving the in personam nature of their demand. It was error to refuse this request. Smith et ux. v. Monroe Grocery Co., La.App., 171 So. 167; Wheeler v. Rodriguez, 13 La.App. 97, 126 So. 715; Salter v. Walsworth, La.App., 167 So. 494.

■ When the learned trial judge declined to permit plaintiffs to amend their petition to make it an action strictly in

rem, plaintiffs' counsel, in open court, stated that it was their intention to limit the demand to the mortgaged property, which was within the jurisdiction of the court, and confine the proceedings to one via ordinaria. On motion for a new trial it was shown that the prayer of the petition asked for the recognition of the plaintiffs' mortgage on the property in question and that it be sold and out of the proceeds thereof, its claim be paid by preference and priority. It was also pointed out that there was a prayer for equitable and general relief, plaintiffs having disclaimed and abandoned any right to a judgment in personam against the defendant, contending that the prayer was sufficient to cover their demand via ordinaria, citing Abadie v. Gluck's Restaurant Corp., 168 La. 241, 121 So. 757; Kinder v. Scharff et al., 125 La. 594, 51 So. 654; Legier v. Braughn, 123 La. 463, 49 So. 22; Newton v. Gray & Campbell et al., 10 La.Ann. 67. The trial judge in his reasons for judgment concedes this, but ruled against the plaintiffs solely on the ground that the property not having been seized, the court was entirely without jurisdiction, as the action was in personam. It is our opinion that the plaintiffs had the right and the court the authority and jurisdiction to convert the proceedings into a strictly via ordinaria or in rem action, without the property first being seized.

In Ouachita National Bank of Monroe v. Fuller, 159 La. 31, 105 So. 90, the plaintiff filed foreclosure proceedings via ordinaria against the defendant, alleging that he was a nonresident of this State. In the prayer of the plaintiff's petition, it asked for the appointment of a curator ad hoc to represent the absentee and for a judgment against the defendant in the sum of $1,500.00, with interest and attorney's fees, and for the recognition and maintenance of the plaintiff's lien and privilege under the act of mortgage; for the seizure and sale of the property to the highest bidder and payments of plaintiff's claim by preference and priority from the proceeds. Plaintiff also prayed that the judgment to be obtained against the defendant was to be in rem only.

The curator ad hoc was appointed, service of the petition and citation was made upon him and a preliminary default entered later. After the expiration of proper legal delays the plaintiff sought to confirm the default but the district judge refused to enter judgment, notwithstanding the proof, on the ground that he was without jurisdiction, because the property had not been seized and the mere appointment of the curator and citation on him was insufficient to give the court jurisdiction against an absentee. Plaintiff appealed and the Court of Appeal of the Second Circuit, under Section 25 of Article 7 of the Constitution of 1921, certified the following question to the Supreme Court:

"In view of Code of Practice Article 206 which reads as follows:

"'Citation being the essential ground of all civil actions in ordinary proceedings, the neglect of that formality annuls radically all proceedings had, unless the defendant have voluntarily appeared to the

suit and answered the demand. But citation is not necessary in executory proceeding, nor when the proceedings are in rem against the thing as hereafter provided.'

"Is it sufficient in a suit via ordinaria to enforce a mortgage against the absentee, to appoint a curator and serve citation on him, or should the plaintiff have proceeded either under Code of Practice Article 240 by attaching the mortgaged property and citing him by posting the attachment and citation on the door of the court room as directed by Code of Practice, Article 254, or under Code of Practice, Articles 292 to 294, both inclusive, covering proceedings strictly in rem, and themselves requiring preliminary seizure of the property, as well as notices published three times in the official paper, if any, or if not, at the usual place of posting."

In answering the request for instructions, this Court said:

"It is conceded that, if the plaintiff had proceeded via executiva, the proceeding by appointment of a curator ad hoc or attorney for the absentee would have been valid, under article 737 of the Code of Practice, which provides:

" 'If the debtor who has granted the privilege or mortgage is absent, and not represented in the state, the judge, at the request of the plaintiff, shall appoint him an attorney, to whom notice of the demand shall be given, * * * and contrarily (meaning contradictorily) with whom the seizure and sale shall be prosecuted.'

"The district judge was of the opinion that, under the doctrine of Pennoyer v.

Neff, 95 U.S. 714, 24 L.Ed. 565, a preliminary attachment or seizure of the property was necessary to give the court jurisdiction to render any judgment—even a judgment in rem—against the nonresident and absent mortgagor. * * * Pennoyer v. Neff, supra, does not forbid a foreclosure of a mortgage, or the taking of a judgment in rem, executory only against the mortgaged property, by proceeding against a curator ad hoc or an attorney appointed to represent a non resident and absent debtor who has given a mortgage importing confession of judgment, and therefore authorizing 'a foreclosure in his absence, by appointment of a curator ad hoc or attorney to represent the absentee. * * *

" * * * It is true article 737 is in the chapter of the Code which deals with executory process; but there is nothing in the article itself that makes it not applicable to a foreclosure via ordinaria, when the mortgagee asks only for a judgment in rem, executory only against the mortgaged property. A writ of fi. fa. emanating from such a judgment is, like an order of seizure and sale in executory proceedings, functus officio when the mortgaged property has been seized and sold. * * *

*      *      *      *      *      *

"Article 206 of the Code of Practice declares that citation is essential in ordinary proceedings, but not in executory proceedings or proceedings in rem. A foreclosure of a mortgage via ordinaria is only an action in rem, if the only decree asked for is a recognition of the mortgage and a judg-

ment executory against the property mortgaged and no other property.

\* \* . \* \* \* \*

"Our answer to the question propounded by the Court of Appeal is that service of citation upon the defendant personally in this case was not necessary. The plaintiff is entitled to have the judgment taken by default confirmed."

It is obvious that if the plaintiff in the above case could vest the court with jurisdiction by placing a clause in the prayer of his petition making it strictly an in rem action, without first seizing the property, that the plaintiff in the instant case would have the right to amend his petition to make it strictly an in rem proceeding, or by waiving and abandoning the in personam part of their demand make it an action via ordinaria or proceeding in rem, without first seizing the property.

In the case of Canal Bank & Trust Co. v. Greco et al., 177 La. 507, 148 So. 693, the plaintiff instituted suit on a mortgage note executed by C. Greco, identified with an act of mortgage bearing upon property situated in the Parish of Orleans. It was alleged that the Lux Realty Co., Inc., assumed payment of the mortgage, and it was also made a defendant. Plaintiff coupled with its action a demand for judgment for $275.00 on C. Greco's unsecured promissory note. The property was not seized.

Exceptions to the jurisdiction of the court ratione personae were filed by Greco alleging that he was domiciled in the Parish of St. Tammany and by the Lux Realty Co., Inc., alleging that it was domiciled in the Parish of St. Bernard. The prayer of the petition was almost identical with the one in the case at bar, the plaintiff praying for judgment against the two defendants jointly, severally and in solido for the full amount of the indebtedness with interest, costs and attorneys fees and for recognition and maintenance of its lien by virtue of its act of mortgage, and that the mortgaged property be seized and sold at public sale and the plaintiff's claims be paid from the proceeds of the sale by preference and priority. Plaintiff also prayed for a personal judgment against Greco on the unsecured note of $275.00. In disposing of the question of jurisdiction ratione personam, we said (page 694):

"The action of the bank in this case is via ordinaria against Greco, the original mortgagor, and against the Lux Realty Company, Inc., which assumed, as part of the purchase price, the mortgage of $80,000 granted to the bank by Greco. This action is brought in the parish of Orleans where the property hypothecated is situated.

"The prayer of the bank is for judgment \* \* \* and for recognition of the mortgage, or collateral security \* \* \*.

"\* \* \* Evidently, the bank could have issued executory process by direct suit on the mortgage note in the civil district court for the parish of Orleans, had the bank so desired.

"We fail to see, therefore, any good reason why the civil district court should have lost its jurisdiction over the hypothecated property within the parish of Orleans, merely because the bank saw fit to enforce

its mortgage via ordinaria instead of via executiva.

"As the property mortgaged is located in the parish of Orleans, the civil district court for that parish has jurisdiction of the present suit.

\*      \*      \*      \*      \*      \*

"It is also immaterial that the prayer of the bank is for judgment in personam, since, under the mandatory provisions of article 163 of the Code of Practice, as amended by Act No. 64 of 1876, whatever judgment is rendered in this case can be operative only up to the value of the property proceeded against."

And, on rehearing, we stated:

"In view of this conclusion, and since neither of the defendants, when cited, were residents of the parish of Orleans, we think that the civil district court for the parish of Orleans has not jurisdiction in this case to render a judgment in personam on the mortgage indebtedness. However, we think that the civil district court has jurisdiction over the proceeding, so far as it is one in rem, the property being located in the parish of Orleans. A proceeding on such a mortgage, importing a confession of judgment, may be instituted in rem by ordinary process. Allen v. Tarlton, 22 La. Ann. 427.

"The judgment below sustained, and properly so, the exception to the jurisdiction on the demand against Greco alone on the unsecured note of $275, made by Greco, but in other respects overruled the exception to the jurisdiction ratione personæ. This judgment will have to be amended so as to restrict the jurisdiction to a proceeding in rem."

In Rogers v. Binyon, 124 La. 95, 49 So. 991, plaintiff instituted proceedings via ordinaria against the nonresident who was represented by a curator ad hoc appointed at the request of the plaintiff. The property was not attached. The district judge rendered judgment and granted recognition and enforcement on the lien arising by virtue of the defendant's mortgage as prayed for, and in addition, although not specifically prayed for, a personal judgment against the defendant. On appeal to this Court that part of the judgment of the district court awarding a personal judgment against a non-resident defendant was annulled and stricken from the record, because the service was substituted and not personal. The decision unanimously maintained the decree of the district court stating that under Article 163 of the Code of Practice, the court has the power by service upon a curator ad hoc to enforce a mortgage importing a confession of judgment against a nonresident upon property within its territorial jurisdiction by proceedings via ordinaria or via executiva. See, also, Roos v. Rogers et als., 141 La. 157, 74 So. 889.

In the light of the foregoing authority we conclude that in a foreclosure via ordinaria, where a mortgage on the nonresident's land was evidenced by an authentic act importing a confession of judgment and a judgment in rem only was sought, service of citation upon the mortgagor personally was not necessary in view of Code of Practice, Articles 163, 206 and

737, and that the court has jurisdiction through service upon a curator ad hoc appointed to represent the absentee, although the property is not seized or attached.

For the reasons assigned, the judgment appealed from is annulled and set aside, and it is now ordered, adjudged and decreed that the exception to the jurisdiction of the court ratione personæ is overruled and the case remanded to the trial court for further proceedings, according to law and consistent with the views herein expressed; costs of the appeal to be paid by the appellee, all other costs to await final disposition of the case.

O'NIELL, C. J., did not take part.