REGAN, Judge.’
Plaintiff, Mrs. Laurelis Nix Bordelon Moore, instituted foreclosure, proceedings via ordinaria on a mortgage note, past due, in the amount of $544.59, signed by the defendants, Mrs. Bernadette Vives, Widow of James F. Donovan, Mrs. Malvina Vives, widow of William W. Lemmon, Sr., and the deceased, Mrs. Velma Vives Williams, mother of the defendants, Mrs. Velma Williams Gray, E. N. Williams, Andréw P. Williams, John E. Williams of Texas and Thomas B. Williams of Illinois, which note was secured 'by a mortgage on real estate situated within the jurisdiction of the court. Defendants, John E. Williams and Thomas B. Williams were non-residents of this State and, upon the request -of plaintiff, a curator ad hoc was appointed by the Court to represent them, and through whom each was served with citation. Service of citation, either personal or domiciliary, was properly made upon all other defendants. In the prayer of'plaintiff’s petition, she requested that the court, a qua render a personal judgment against all of the defendants in the full amount due, together with interest, attorneys’ fees and costs; for recognition of the mortgage, and for the sale of the.property burdened therewith at public auction, and that out of the proceeds thereof plaintiff’s claim. be satisfied by preference and priority; and for all equitable and general relief.
. The absentee defendants, John É. Williams and Thomas B. Williams, through *364 théir curator ad hoc, appeared and filed an exception to the jurisdiction of the court rationae personae.
The other defendants, whom we have enumerated hereinabove, .having failed to answer plaintiff’s pleadings, a preliminary default was entered upon the record against them.
Subsequently the matter was fixed for trial, during the course of which trial, counsel for plaintiff contends, both in his brief and in oral argument before us, that he “stated in open court” that plaintiff “would restrict her demands against the absentees (defendants John E. and Thomas B. Williams) and one of the other defendants (Andrew P. Williams, who had accepted his deceased mother’s succession under benefit of inventory) to the mortgaged property”; whereupon the exceptions to the jurisdiction of the court rationae personae were overruled.
The curator then filed, on behalf of the absentee defendants, a general 'denial and upon the trial of the matter or .upon the confirmation of the default previously entered (the record is vague on this point), the plaintiff proved her case 'by introducing in. evidence the note and the act of mortgage, which were properly identified, and testimony was offered to further prove that the note was due in its entirety.
The court, a qua, then rendered judgment “the form of which was prepared and submitted by plaintiff’s counsel”, against each of the defendants in conformity with the prayer of plaintiff’s petition, with the exception that the judgment specifically decreed “that insofar as John E. Williams, Thomas B. Williams (absentees) and Andrew P. Williams (who accepted his mother’s succession under benefit of inventory) are concerned, this judgment shall only affect (effect) the property herein described.”
In the interval between the rendition of the aforesaid judgment and the signing thereof, the absentee defendants, through the medium of counsel of their own selection, appeared in the court, a qua, and requested a rehearing on the exception ra-tionae personae and a new trial on the merits on the respective grounds “that the suit is on its face a suit for a personal judgment and only constructive service was made upon them” and “that the suit is for a personal judgment against them arid it was not competent to render a judgment in rem on that petition,”
The rule for a rehearing and a new trial was refused by the court, a qua, and the judgment in question was signed.
From that judgment defendants, Thomas B. Williams and Mrs. Bernadette Vives, Widow of James F. Donovan, have prosecuted this appeal.
Plaintiff has answered this appeal and requested that she be allowed 10% of the amount of the judgment as damages for a frivolous appeal.
The only question posed for our consideration is whether the trial court had jurisdiction to convert the proceedings from an in personam, action against the absent defendants upon whom only constructive or substituted service of citation was made, into an exclusive via ordinaria or in rem action against these defendants. . ...
Counsel for defendants maintains that plaintiff’s “petition and prayer were never amended, nor is there in the record anything to support counsel’s statement in their brief” that "plaintiff’s counsel stated in open court that she (plaintiff) would restrict her demands against ■ the absentees and one of the other defendants to the mortgaged property.”
Counsel for defendants concedes that if the record confirmed the statement of plaintiff’s counsel that he had waived the in per-sonam nature of his suit, that the trial court had jurisdiction to convert the proceedings from an in personam action against the absent defendants upon whom constructive or substituted service of citation had been made into an in rem action against the defendants.
We are of the opinion, that admitting that the record does not reflect, verbatim, the waiver of the in personam nature of plaintiff’s suit, this is actually what occurred in the court, a qua, otherwise the trial judge would not have overruled the exception to the jurisdiction of the court *365 rationae personae which was obviously well taken, and the judgment “in rem” against these defendants, as rendered and signed by the trial court, bears out this conclusion, in logical sequence, in the following words “that insofar as John E. Williams, .Thomas B. Williams and Andrew P. Williams arc concerned, this judgment shall only affect (effect) the property herein described.”
In the final analysis, whether the course of action which was pursued emanated from the mind of the judge or from counsel is immaterial, and is only a distinction without a difference in the result ultimately attained. In any event plaintiff would be entitled to this relief under her prayer “for all general and equitable relief.”
“ ‘Under the prayer for general relief, suited to the nature and justice of -the case, the court may render such judgment as would be given in a new suit, to avoid circuity of action.’ 1 Hennen’s Dig. (p. 734, 4) No. 5.
“In Legier v. Braughn, 123 La. 463, 49 So. 22, 23, we read: ‘A prayer for general relief authorizes all ordinary decrees which the pleadings and evidence may justify. Leland v. Rose, 11 La.Ann. 69.’
“In Kinder v. Scharff, 125 La. 594, 51 So. 654, it was held that a prayer for general relief authorizes a court of equity jurisdiction to render such judgment as the nature and justice of the case may require.
“In Stanga v. Lake Superior Piling Company, 214 La. 237, 36 So.2d 778, it was held: ‘Under prayer for general relief, suited to nature and justice of case, court could render such judgment as would ¡be given in a new suit, to avoid circuity of action, though demands for nullification of timber deed, for damages, and for injunctive relief, could not be granted.’ (Syllabus) See, also, 22 T.L.R. 459 and 24 T.L.R. 66.” Fox v. Doll, La.App., 46 So.2d 682, 684.
The plaintiff had the right and the 'court the authority and jurisdiction to convert the proceedings from an in personam action against these defendants into an exclusive in rem action. Hibernia Bank & Trust Co. v. Lacoste, 190 La. 162, 182 So. 314; Canal Bank & Trust Co. v. Greco, 177 La. 507, 148 So. 693; Rogers v. Binyon, 124 La. 95, 49 So. 991.
Counsel, in his brief, contends that the trial judge erred in rendering judgment against the defendant, Mrs. Donovan, and briefly outlines his reasons in support thereof. We are of the opinion that there is no merit in this contention' arid, therefore, find it unnecessary to discuss it. ■
Andrew' P. Williams, who accepted his mother’s succession under'benefit of inventory, has not prosecuted an appeal from the judgment of' the court, a qua, arid, therefore, we are unable to consider any of counsel’s contentions in this matter with respect to the interest of this defendant.
While -the record amply sustains the judgment rendered 'by the court, a qua, the appeal was not obviously taken for delay, and, therefore, is not, in that respect, friv-' olous. The facts of the case do not, in'our opinion, warrant imposition of the penalty requested by plaintiff and-permitted, under the proper circumstances, by virtue of the provisions of Article 907 of the Code of Practice.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.