196 So.2d 533

Sam DONALD, Jr., et al.

v.

Maurice GLAZER.

No. 48618.

March 29, 1967.

In re: Sam Donald, Jr., and William R. Kitchens applying for certiorari, or writ of review, to the Court of Appeal, Second Circuit, Parish of Ouachita. 194 So.2d 176.

Writ refused. The Court of Appeal did not err in holding that the appeal was not premature. All other errors assigned involve solely questions of fact.

196 So.2d 533

NATIONAL ACCEPTANCE COMPANY OF AMERICA

v.

Demma S. WALLACE et al.

No. 48620.

March 29, 1967.

In re: Erwin A. Huss applying for writ of review to the Court of Appeal, Second Circuit, Parish of Caddo. 194 So.2d 194.

Writ refused. The result is correct.

SANDERS, J., is of the opinion a writ should be granted. This case involves an innocent third party purchasing property in reliance upon a judgment of a court of competent jurisdiction cancelling a mortgage in a proceeding in which the *named* mortgagee filed an appearance. The Court of Appeal decision conflicts with the jurisprudence of this Court. See Delavigne v. Gaiennie, 11 Rob. 171; Guesnon v. His Creditors, 7 Rob. 382; Lesassier v. Dashiell, 17 La. 194; and Adams v. Preston, 22 How. 473, 490, 63 U.S. 473, 490, 16 L.Ed. 273, 278. See also 2 Planiol, Civil Law Treatise, (Translation by Louisiana State Law Institute) Nos. 3069–3072.

Cases reaching a result contrary to those cited are of two classes: (1) cases of fraudulent record cancellations, not involving reliance on a court judgment. See, e. g., Zimmer v. Fryer, 190 La. 814, 183 So. 166. (2) cases in which a judgment of cancellation was rendered by a court held to lack jurisdiction. See Horton v. Cutler, 28 La.Ann. 331 (on rehearing).

The applicant is entitled to a writ as a matter of right to reconcile the jurisprudence, but Justice Sanders expresses no opinion at this time as to how the conflict in the jurisprudence should be resolved.