338 So.2d 148 (1976)
Billie Jewel SPENCER, Plaintiff-Appellant,
v.
Archie COLLINS et al., Defendants-Appellees.
No. 13001.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1976.
*149 Peters, Ward & Miller by Frederic L. Miller, Shreveport, for plaintiff-appellant.
Campbell, Campbell & Johnson by James M. Johnson, Minden, for defendants-appellees.
Before BOLIN, PRICE and HALL, JJ.
HALL, Judge.
Plaintiff, Billie Jewel Spencer, filed a petition for partition by licitation of several parcels of land, alleging she was the owner of an undivided one-half interest in each parcel. She alleged that the several properties were acquired during the existence of the community of acquets and gains formerly existing between her and Doyle H. Wilson, the community having been dissolved by judgment in separation proceedings between her and her former husband.
Among the properties listed in the petition was Lot 7, Wood Corporation Subdivision, Bossier Parish, Louisiana, of which defendant, Archie Collins, was alleged to be the owner of the other undivided one-half interest. Collins filed a motion to strike the allegations of plaintiff's petition dealing with Lot 7, alleging he had acquired full title to Lot 7 by virture of a deed from F. O. Langheld, who had acquired the property by sheriff's sale deed pursuant to foreclosure of a mortgage of the property granted by Doyle H. Wilson and Billie Jewel Wilson prior to their separation. Attached to the motion to strike were copies of the separation proceeding, foreclosure proceeding, and deed from Langheld to Collins.
After a hearing, for oral reasons not shown in the record, the motion to strike was sustained and the demands of plaintiff relating to Lot 7 were ordered stricken from the petition. Plaintiff appealed. For reasons expressed in this opinion, we affirm the judgment of the district court.
It is questionable whether a motion to strike under LSA-C.C.P. Art. 964 is the appropriate procedural vehicle for raising a defense of the nature presented in this case. Nevertheless, no issue is raised in this regard by either of the parties, the matter was fully presented and heard before the trial judge, and the issues are squarely presented to this court for appellate review.
On June 2, 1965, during their marriage and the existence of the community of acquets and gains, Doyle H. Wilson and Billie Jewel Wilson, executed a promissory note in the amount of $9,100, payable to the order of Delbert Speights. To secure payment of the note, Doyle H. Wilson and Billie Jewel Wilson granted a mortgage on Lot 7 and other property, which mortgage contained a confession of judgment and pact de non alienando.
Doyle H. Wilson and Billie Jewel Wilson were separated by judgment rendered December 27, 1968, with plaintiff being recognized as owner of an undivided one-half interest in all community property. The parties were divorced by judgment rendered June 22, 1971, the judgment recognizing plaintiff as owner of an undivided onehalf interest in the community property.
On January 12, 1970, F. O. Langheld, the holder and owner of the note payable to Speights which had been endorsed in blank, filed suit by ordinary process for foreclosure of the mortgage securing the note. Named as defendants were Doyle H. Wilson, a resident of Bossier Parish, and Billie Jewel Wilson, a resident of California. *150 Doyle H. Wilson was served personally and Billie Jewel Wilson was served through an attorney at law appointed to represent her. The suit sought a personal money judgment against Doyle H. Wilson, with reservation of plaintiff's rights against Billie Jewel Wilson as solidary obligor of the indebtedness, recognition of plaintiff's mortgage, and sale of the mortgaged property at public auction to satisfy the amount of the judgment.
Answer was filed on behalf of Billie Jewel Wilson by the attorney appointed to represent her. No appearance was made by Doyle H. Wilson. On March 13, 1970, with the attorneys for plaintiff and the attorney appointed to represent Billie Jewel Wilson present, judgment was rendered against Doyle H. Wilson for the balance of $4,565.70 due on the note and further ordering the plaintiff's mortgage on the property recognized and that the property be sold at public auction and that plaintiff be paid the amount of the judgment from the proceeds in preference to other creditors. Plaintiff's right to further proceed against the absentee defendant was reserved.
Thereafter, a writ ordering the seizure and sale of the property was issued. The sheriff seized the property. After advertisement and appraisal, the property was sold to Langheld at public sale and the sheriff's deed recorded May 20, 1970. Langheld sold the property to Collins on August 11, 1970.
The present suit was filed September 25, 1974.
The basis of plaintiff's claim to ownership of an undivided one-half interest in the property is that the foreclosure proceeding did not divest her of her one-half interest in the property.
Plaintiff argues first that since Langheld elected to proceed by ordinary process, it was necessary that the court have personal jurisdiction over her or obtain in rem jurisdiction by prior seizure of the property in order to render a valid judgment.
A conventional mortgage may be enforced by either ordinary or executory proceedings. LSA-C.C.P. Art. 3721. When the mortgagee enforces a conventional mortgage by ordinary proceeding, he must first obtain a judgment against the mortgagor and then execute the judgment. LSA-C.C.P. Art. 3722.
A court has jurisdiction to enforce a right in, to, or against property having a situs in this state, claimed or owned by a nonresident not subject personally to the jurisdiction of the court. LSA-C.C.P. Art. 8. Such in rem jurisdiction is not to be confused with quasi in rem jurisdiction defined in LSA-C.C.P. Art. 9 which requires attachment of the nonresident's property at the commencement of the action in order to render a money judgment.
LSA-C.C.P. Art. 5091 provides for the appointment by the court of an attorney at law to represent a nonresident or absentee defendant when the court has jurisdiction over the property of the defendant.
It is well-established that no prior seizure of the property is necessary to give the court jurisdiction in a mortgage foreclosure suit against a nonresident, and that an attorney should be appointed to represent the nonresident. Hibernia Bank & Trust Co. v. Lacoste, 190 La. 162, 182 So. 314 (1938); National Acceptance Company of America v. Wallace, 194 So.2d 194 (La.App. 2d Cir. 1967), writ refused, 250 La. 467, 196 So.2d 533 (1967).
The mortgage holder's options in foreclosing on a mortgage are outlined in Hibernia:
"The plaintiffs, therefore, could have proceeded via executiva, which is strictly an in rem proceeding, via ordinaria, which is also an in rem action, or, sued the defendant in personam on the note."
National Acceptance Company of America v. Wallace, supra, is authority that the procedure used in the instant case was proper:
"Nor do we find any basis for concluding the court was without jurisdiction, by reason of Mrs. Wallace's absence or nonresidence, *151 to recognize and to order the enforcement of plaintiff's mortgage. LSA-C.C.P. Art. 5091 provides that where a court has jurisdiction over the person or property of a defendant, it shall appoint an attorney at law to represent the defendant if the defendant is a nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has made no general appearance. The property involved is located within the jurisdiction of the trial court. The mortgage, evidence by an authentic act, imports a confession of judgment. Under such circumstances, it was held in Hibernia Bank & Trust Co. v. Lacoste, 190 La. 162, 182 So. 314 (1938), that, where a judgment in rem was sought, service of citation upon the mortgagor personally was unnecessary and that the court had jurisdiction, although the property had not been seized or attached and service was had on a curator." 194 So.2d 202, 203.
The procedure followed by the foreclosing mortgage creditor in this case was in accordance with the requirements of law. He elected to proceed by ordinary proceeding and sought a money judgment against Mr. Wilson, who was subject personally to the jurisdiction of the court, and an in rem judgment against Mrs. Wilson, who was a nonresident. An attorney at law was appointed to represent her, against whom the proceeding was contradictorily carried on. In due course, judgment was rendered against both parties as prayed for, recognizing the indebtedness due, granting a personal money judgment against Mr. Wilson, and recognizing the mortgage and ordering it enforced against the property.
Plaintiff next contends that a writ of "seizure and sale", authorized only in executory proceedings (LSA-C.C.P. Art. 2638), was issued in this case instead of a writ of "fieri facias", required in execution of judgments under ordinary proceedings (LSA-C.C.P. Art. 2291).
Regardless of the precise form and language of the writ, it directs the sheriff to seize and sell the mortgaged property in satisfaction of the judgment rendered in the proceedings. The sheriff did, in fact, seize the property, make due return thereof, and proceed to sell the property at public sale after proper delays, advertisement and appraisal. The precise form of the writ in this instance is of no great importance and does not affect the legality and validity of the sale. See Truxillo v. Delaune, 47 La. Ann. 10, 16 So. 642 (1895).
Underlying a consideration of the issues raised as to Mrs. Wilson's position in the foreclosure proceeding is the fact that the entire interest in the property was mortgaged to secure the indebtedness owed by the husband and wife in solido. The mortgagee was entitled to enforce the mortgage against the entire interest in the property upon establishing an indebtedness due on the note, which was done in this case. It was not necessary to obtain a personal money judgment against the wife. Under the conventional pact de non alienando contained in the mortgage and the statutory pact de non alienando contained in LSA-C.C. Art. 3399 and LSA-C.C.P. Art. 3741, the dissolution of the community and the vesting of the wife's right of undivided ownership in the property after execution of the mortgage could not affect the mortgagee's right to foreclose the mortgage against the entire interest in the property. Compare Washington v. Palmer, 213 La. 79, 34 So.2d 382 (1948) with Shiflett v. Brewer, 208 So.2d 31 (La.App. 1st Cir. 1968).
For the reasons assigned, the judgment of the district court is affirmed, at plaintiff-appellant's costs.
Affirmed.