LOBRANO, Judge.
William J. Hohensee (Hohensee) and his wife, Darlene C. Hohensee, appeal a trial court judgment dismissing their personal injury action against Crescent Construction Company of Louisiana (CCC) on an Exception of Improper Venue. This court must determine whether CCC complied with La. R.S. 12:104 when it changed its registered office from Orleans to Jefferson Parish.
Hohensee was injured on September 22, 1989 while performing repairs on a toll cable in St. Bernard Parish. The cable was located in a pit which had been dug by CCC pursuant to a contract with Hohensee’s employer, South Central Bell. A plastic pipe similar in appearance to a water line ran through the pit. The pipe carried natural gas at over 70 pounds of pressure. When Hohensee began repairing the toll cable with a gas torch, the natural gas pipeline exploded, burning Hohensee.
On September 21, 1990, Hohensee and his wife filed suit in Orleans Parish against CCC, Louisiana Gas Service Company, United Gas Pipeline, and the St. Bernard Parish Police Jury. All four defendants filed Exceptions of Improper Venue. CCC’s memorandum in support of its exception stated that venue was improper in Orleans Parish because “the registered office of CRESCENT CONSTRUCTION COMPANY was changed from Orleans Parish to Jefferson Parish many years pri- or to the accident in question.”[1] In support of this statement, CCC introduced all documents which the corporation had filed with the Secretary of State since its incorporation in 1972.
Following a May 14, 1991 hearing, the trial court sustained CCC’s Exception of Improper Venue.[2] The court found that CCC had been in “substantial compliance” with La.R.S. 12:104, when the corporation changed its registered office from Orleans to Jefferson Parish. Plaintiffs brought this appeal, arguing that CCC has not legally changed the parish of its registered office because it failed to comply with La. R.S. 12:104. We agree and reverse.
CCC was incorporated on March 23, 1972. Its articles of incorporation provide that the registered office is Suite 2411, 225 Baronne Street, New Orleans, La. The corporation’s annual report filed with the Secretary of State for the year ending December 31, 1978[3] has the Baronne Street address lined out and a post office box in Jefferson, La. pencilled in as the registered office. Each annual report thereafter contains a Jefferson Parish registered office at 825 Coolidge St. CCC admits that the provisions of La.R.S. 12:104 were not complied with, but argues it substantially complied and cites Canal Bank & Trust Co. v. Greco, 177 La. 507, 148 So. 693 (1933) in support.
In 1978, when CCC designated on its annual report the Jefferson Parish registered office, La.R.S. 12:104, provided in pertinent, part:
B. After incorporation, a change in the location of the registered office may be authorized at any time by the board of directors. Within thirty days after the change is made, notice of the change, and of the post office address of the new *1248 registered office, shall be filed with the Secretary of State and with the recorder of mortgages of the parish in which the new office is located. * * * If the registered office is changed from one parish to another, the notice of change shall be filed with the recorder of mortgages of both the parish from which and that to which the registered office is removed. The registered office shall be considered the domicile of the corporation for all purposes.
E. In addition to the procedures contained in Subsections B and C of this Section, a corporation may change * * * the location of its registered office by including such change or changes in the annual report required by Section 102 of this title.
Where a change in the address or location is made in the manner authorized by this Subsection [E], the corporation shall cause notice of such change to be recorded in the office of the recorder of mortgages of the parish in which the new registered office is located as well as in the office of such recorder in the parish from which the registered office changed, (emphasis added).
Thus the statute is clear that, after incorporation, in order to change its registered office from one parish to another, a corporation must notify the Secretary of State (either by. notice of change or on the annual report) and record the notice in the mortgage records of the old and new parishes.
CCC admits it did not record the notice of change in the mortgage records of either Jefferson or Orleans Parishes. However it argues that it “substantially” complied with the statute by its annual filings every year from 1978. It urges that the purpose of R.S. 12:104 is to inform interested persons of pertinent information regarding corporations and that a single request by plaintiff from the Secretary of State would have verified their change in registered offices. It cites Canal Bank & Trust in support of its substantial compliance argument.
Canal Bank & Trust is distinguishable on its facts from the instant case. There, the Supreme Court held that a realty company had “substantially complied” with the requirements of the predecessor of La.R.S. 12:104, even though the company failed to include the address of its new registered office in its notice of change. However, the company had recorded the defective notice with the Secretary of State and in the parishes of both the old and new registered offices. Thus, a search of the public parish records would have put an interested party on notice of a change in the corporation’s registered office, even though the specific address was lacking. In the present case, such a search would have been fruitless.
In our opinion, it is of no consequence that plaintiff may have discovered CCC’s lack of filing in the mortgage records after suit was filed. The statute is clear and unambiguous. Recordation in both parishes is necessary to effectively change a corporation’s registered office. The legislature has not deemed it necessary to eliminate this requirement, and this Court cannot usurp that legislative function. An interested party is entitled to all of the notice protection afforded by the statute.[4]
For the reasons assigned, we reverse the trial court’s judgment and remand for further proceedings. Appellee to pay all costs of this appeal.
REVERSED AND REMANDED.

.Although a statutory basis for venue was never clearly articulated by either party, it is apparent from the pleadings and briefs that venue over CCC in Orleans Parish is predicated on Louisiana’s general venue rule, La.C.Civ.P. Art. 42(2), which provides that a Louisiana corporation may be sued in the parish where its registered office is located.

. The exceptions of the other three defendants were not ruled upon, and are not before us.

. La.R.S. 12:102 requires that an annual report be filed by each domestic corporation with the Secretary of State.

. Although this case deals only with a venue question we note that R.S. 12:104 provides that the registered office is considered the domicile for all purposes. There may be other instances, in addition to venue, where a determination of domicile is necessary. It would create confusion and ambiguity to fashion a rule of “substantial compliance” for venue purposes, where for other purposes, the rule would make no sense.