SCHOTT, Chief Judge.
On the application of PIA Slidell, Inc., d/b/a Northshore Psychiatric Hospital and Health Facilities Insurance Corporation, Ltd., relators, we grant certiorari in order to consider the validity of a judgment overruling their exceptions to the venue of the Civil District Court of the Parish of Orleans.
This is an action in tort by residents of Slidell in St. Tammany Parish against a Sli-dell hospital and its insurer based upon the failure of the hospital to admit the plaintiff to the hospital at a time when she was a danger to herself with the result that she shot herself after returning to her home.
The hospital is a Louisiana corporation whose initial report filed with the Secretary of State in 1984 placed its registered office in Slidell. Although subsequent annual reports placed the office in New Orleans none of these was ever filed in the mortgage records of Orleans Parish.
The hospital’s exception is based upon LSA-C.C.P. art. 42(2) which provides that an action against a domestic corporation shall be brought in the parish where its registered office is located. In the present ease, the issue is whether the registered office while initially placed in St. Tammany Parish was changed to New Orleans by virtue of the annual reports filed with the Secretary of State, but never filed in the mortgage records of Orleans Parish.
R.S. 12:104 provides that a change of registered office must be filed in the mortgage records of the parish where the new office is located. Absent such filing the office remains in the original parish notwithstanding the filing of documents with the Secretary of State. Hohensee v. Louisiana Gas Service Co., 598 So.2d 1246 (La.App. 4th Cir.1992).
Accordingly, the judgment of the trial court is reversed and there is judgment in favor of relators sustaining their exception of venue. The case is to be transferred to the Twenty-Second Judicial District Court for the Parish of St. Tammany pursuant to C.C.P. art. 932.

REVERSED AND RENDERED.