liPER CURIAM.
This tort action against defendant, a Louisiana corporation, was filed in Orleans Parish in 1992. Defendant excepted to the improper venue. La.Code Civ.Proc. art. 42(2) provides that an action against a domestic corporation may be filed in the parish where its registered office is located.
Defendant’s initial report to the Secretary of State in 1984 listed its registered office in St. Tammany Parish. Defendant’s subsequent annual reports have listed the registered office in Orleans Parish, but defendant never filed notice of the change in the mortgage records in Orleans Parish, as required by La.Rev.Stat. 12:104.
The trial court overruled the venue exception, but the court of appeal reversed and transferred the action to St. Tammany Parish. 635 So.2d 1296.
*751 Defendant cannot list its registered office in Orleans Parish in its annual reports for eight years and then, upon being sued in Orleans Parish, deny its official statements because the corporation itself failed to record a notice of its change of registered office as required by law. Perhaps defendant, because of that failure, could still be sued in St. Tammany Parish, but that issue is not before us. On the issue before us, defendant’s actual registered office is in Orleans Parish, and venue is clearly proper there.
laAccordingly, the judgment of the court of appeal is vacated, and the judgment of the trial court overruling the exception of improper venue is reinstated.
MARCUS and WATSON, JJ., dissent from the order.
CALOGERO, C.J., not on panel; recused.