MILLER, Judge.
This writ was granted and the January. 20, 1971 sheriff’s sale stayed, to allow John A. Duke, defendant relator, to take evidence on his petition to enjoin the sale ordered by plaintiffs’ foreclosure judgment obtained under executory process.
On May 5, 1970, Judge Russell signed the executory process judgment against Duke awarding Scarborough and Curry $58,391.-08 with interest at 8% from April 7, 1970 plus 10% on principal and interest as attorney fees and costs. The judgment was based on five notes secured by mortgages which recited a total indebtedness of some $110,000.
On June 1, 1970, relator petitioned to enjoin the Sheriff’s sale alleging that the mortgage notes on which the judgment of executory process was based are collateral notes and mortgages. Relator summarized his contentions as follows:
“ * * * that the collateral mortgages and collateral security notes each negative any liability thereon unless and until the collateral mortgage notes be delivered as collateral security under a contract of pledge securing advances made as evidenced by handnotes issued in connection with the pledge; that any contracts of pledge of the collateral mortgage notes were entered in separate and distinct pledge agreements either with the Bank of Jena, Jena, Louisiana or the American Bank and Trust Company in Monroe; that any contract of pledge of a collateral mortgage note was a contract of pledge of a single collateral mortgage note to secure a specified indebtedness as evidenced by a handnote issued in connection with that particular pledge; that certain of the handnotes issued in connection with such contracts of pledge actually represented the solidary indebtedness of your applicant and Hess Curry, Jr., one of the respondents; that the purported assignment of certain of the collateral mortgages Hess Curry, Jr., one of the original defendants, actually reflects a payment of the primary obligation secured by the collateral security by one bound thereon in solido; that no demand, despite your applicant’s request therefor, had been made upon the separate indebtednesses claimed to be due under each of the collateral mortgage notes; that your applicant had liquidated claims represented by promissory notes made by Hess Curry, Jr., respondent, which were pled in compensation and set-off against certain of the notes; and that the special mortgage note in the amount of $5,000.00 had been fully paid and discharged.”
Trial of the rule for the preliminary injunction to prohibit the sheriff’s sale was commenced June 9, 1970 and continued throughout the day. Relator (Duke, who sought to enjoin the sheriff’s sale under the executory process judgment) had not rested his case at the close of evidence and the hearing was to be concluded at a later date.
On June 30, 1970, relator Duke filed a “Supplemental Petition for Injunction of Executory Process”, contending that respondents’ original petition failed to pre *284 sent the necessary authentic evidence to justify an order of executory process for the enforcement of the collateral notes secured by mortgages and that the special mortgage and note in the amount of $5,000 had been fully paid and discharged.
A continuation of the testimony on the original petition was set for July 21, 1970. At the July 21st hearing before Judge Russell, it was stipulated between counsel that the “Supplemental Petition” would be submitted by briefs. It was agreed that if the decision on the supplemental petition was adverse to Duke (relator), then a hearing would be scheduled for Duke to complete his evidence on the original petition. Tr. 49-61.
On August 4, 1970 Judge Russell assigned written reasons concluding that:
«He * * plaintiffs have the right to proceed to collection by executory process. It is therefore the opinion of the Court that the injunction should be dissolved and that plaintiffs be allowed to proceed in accordance with the law.” Tr. 62-65.
On August 7, 1970, Judge Russell signed an order providing:
“ * * * that the trial of the Petition for Injunction in Executory Process be, and it is, hereby set down for trial at 9:00 o’clock A.M. on the 10 day of August, 1970.” Tr. 66.
By separate order signed August 7, 1970, Judge Russell restrained the Sheriff from proceeding with the sale of the property under the Writ of Seizure. Tr. 67.
The August 10 hearing was postponed at the request of counsel for Scarborough and Curry. Tr. 79. Judge Russell retired from the bench shortly thereafter.
On December 1, 1970, Judge Richard P. Boyd, Jr. signed an order fixing the “Supplemental Petition for Injunction of Exec-utory Process in this case” for December 14, 1970.
At the December 14, 1970 hearing (Tr. 69-89) Judge Boyd took the position that he would sign judgment dismissing both of Duke’s petitions “based purely upon Judge Russell’s ‘Opinion.’ ” Tr. 70. Judge Boyd refused to allow Duke to continue with the hearing recessed by Judge Russell on June 9, 1970. This is the same hearing which Judge Russell rescheduled by order dated August 7, 1970, three days after he filed the written reasons on which Judge Boyd based the December 14, 1970 judgment denying the injunction and all orders previously granted. Duke appealed and that appeal is to be filed with this court.
We express no opinion on the merits of the contentions of relator Duke. The issues presented to the trial court by Duke’s supplemental petition have been finally decided by the trial court and will be reviewed when the appeal is presented.[1]
We remand the case for evidence by either party on those issues raised in Duke’s original petition, but not raised in the supplemental petition. As to the issues raised in both the original and supplemental petitions, evidence will not be admissible. Counsel previously submitted all issues presented in the supplemental petition, and those issues have been decided by decision to be presented on appeal.
Our stay order is in effect only until the parties complete the hearing on the original petition to enjoin the executory process judgment.
Remanded.

. This decision was a partial judgment. The trial court retains jurisdiction to adjudicate the remaining issues in the case. LSA-C.C.P. Art. 1915.