MILLER, Judge.
Plaintiffs obtained a judgment by execu-tory process foreclosing four collateral mortgages executed by defendant John A. Duke. Duke petitioned to enjoin the sheriff’s sale without posting security, contending that LSA-C.C.P. Art. 2753(1) and (5) were applicable. The relevant parts of the cited sections provide that security is not required for the issuance of a temporary restraining order or preliminary injunction to arrest a seizure and sale, when the in-junctive relief is applied for because (1) the debt secured by the mortgage is extinguished, or (5) the order directing the writ of seizure and sale was rendered without sufficient authentic evidence having been submitted to the court.
After trial of Duke’s petition for the injunction, the trial court held 1) that Duke failed to establish that the indebtedness secured by the mortgages was extinguished; and 2) that the writ of seizure and sale was based on sufficient authentic evidence. Duke appealed devolutively from the trial court’s refusal to enjoin the sale of his property under executory process. On these issues, we affirm.
This litigation has been before this court on two writ applications. See Scarborough v. Duke, La.App., 243 So.2d 282, and Scarborough v. Duke, La.App., 251 So.2d 58, handed down this date. In the last mentioned decision, the trial court’s judgment was reversed as to one of the five mortgages which was included as a basis for the judgment ordering the seizure and sale. We pretermit further consideration of that conventional mortgage. The trial court’s rulings concerning the four collateral mortgages are affirmed.
Plaintiffs obtained a judgment under ex-ecutory process on the allegations 1) that they were holders and owners for valuable consideration before maturity of four specifically described mortgage notes each of *57 which was paraphed to agree with and was secured by a duly recorded mortgage; 2) that each of the notes is due on demand and made payable to “Myself, or any future holder or holders” and each note is signed and endorsed in blank by defendant John Alexander Duke; 3) that Duke owed them $58,391.98 plus interest and attorney fees and that amicable demand was made on defendant without avail; and 4) that each mortgage confessed judgment and plaintiffs were entitled to executory process. The four mortgages secured a total recited indebtedness of $105,000.00.
As authentic evidence plaintiffs attached to their petition certified copies of the four mortgages together with the four promissory notes paraphed to agree therewith. Additionally there was a certified copy of an act of partial release paraphed to agree with one of the mortgage notes, which is not here material.
Duke first contends that a collateral mortgage cannot be foreclosed without authentic evidence of the contract of pledge and handnotes which establish a specific indebtedness secured by the collateral mortgages.
Duke also contends that the collateral mortgages show on their face that no indebtedness was created or represented thereby. Each of the four collateral mortgages contains the provision that Duke “ * * * is indebted unto himself, or any future holder or holders of the within described note, in the sum of (the amount of the mortgage), in evidence of which indebtedness he has made, signed and given one certain promissory note, dated with this act, payable to the order of himself, or any future holder or holders * * It is argued that one cannot be indebted to himself and that the collateral mortgages show on their face that they are given only in anticipation of a future debt. Duke submits that authentic evidence to establish that a debt was incurred must be supplied before executory process is valid.
Duke further contends that he has defenses to some of the handnotes which are secured by the collateral mortgages; that one plaintiff is indebted to him and that he is entitled to a setoff to that extent. Duke submits that he is being denied his fundamental right as a debtor to be allowed to have a court determination of the extent of his debt so that he can satisfy his debt and save his property. LSA-C.C.P. Arts. 2724 and 2340.
Additionally, each collateral mortgage note has endorsements below Duke’s blank endorsement. The endorsements to plaintiffs were not supported by authentic evidence. However, these endorsements were not an essential link in the chain of evidence to show ownership of the note. These notes were payable to “holder or holders”. LSA-R.S. 7:40 provides in part that “Where an instrument, payable to bearer, is indorsed specially, it may nevertheless be further negotiated by delivery: * * In Polk Chevrolet, Inc. v. Vicaro, 162 So.2d 761 (La.App. 1 Cir. 1964), a note was made payable to order of “Myself” and endorsed by the maker in blank. It was held that it became bearer paper and was therefore negotiable by delivery notwithstanding subsequent endorsements thereon. The endorsement which was not necessary to its title could be disregarded. LSA-R.S. 7:40, 7:48.
The collateral mortgage is a creature of practice which has been sanctioned by the jurisprudence. Usually, the mortgage is drawn in favor of future holders and recorded in the name of a nominal mortgagee. The note identified with the mortgage may then be pledged as collateral security for obligations, and though the obligation be extinguished and the mortgage note returned to the maker, the existence of the mortgage remains unaffected. Subsequently, the mortgagor is free to reissue the mortgage note as security for other obligations. At any given time, the pledgee of the collateral mortgage note is allowed to enforce the mortgage, but only to the extent of the outstanding obligation for which the mortgage note is then pledged. See 25 L.L.R. 789 at 792, 793.
*58 We find that the trial court properly granted the judgment of executory process on the allegations summarized herein. The holders of these bearer demand notes were owed a sum of money by the maker, and amicable demand had been made to no avail. These bearer demand notes were paraphed to agree with the duly recorded mortgages which confessed judgment. When a debtor executes such security devices and places them in commerce, his defenses are limited to those prescribed by the Code of Civil Procedure.
We are not impressed with Duke’s argument that authentic evidence must be presented to establish the contract of pledge and the handnotes which are in turn secured by the collateral notes and mortgages. To require authentic evidence of the ownership of bearer notes would negate their very nature. The fact that the note was made payable to the order of “holder or holders” makes the notes negotiable by mere delivery. LSA-R.S. 7:30, 7:34. Possession of the note is the authority to institute executory proceedings to collect it. Mathe v. McCrystal, 11 La.Ann. 4 (1856).
Appellant Duke has not cited jurisprudence to ¡support his contention that the holder of these notes secured by collateral mortgages must resort to ordinary process to get a court determination of the extent of his indebtedness before he is entitled to executory process on the pledged notes. To make such a requirement would effectively reduce the usefulness of this accepted security device.
Duke failed to prove that all the indebtedness secured by these four collateral mortgages has been extinguished. He has therefore failed to meet the requirement for the issuance of a preliminary injunction to arrest a seizure and sale under the provisions of LSA-C.C.P. Art. 2753(1). To obtain such an injunction, he will have to provide security as required by LSA-C. C.P. Arts. 2754 and 3610.
Duke’s condition is not unlike that of the debtor who contends that he has either extinguished the debt or is entitled to more credits than the mortgagee has allowed. On failing to establish that the debt has been extinguished, then the debtor must furnish security as provided in LSA-C.C. P. Art. 3610 in order to obtain a temporary restraining order or preliminary injunction to arrest the seizure and sale. LSA-C.C.P. Art. 2754.
The trial court’s judgment denying John A. Duke’s petition to enjoin the sheriff’s sale of properties mortgaged in the four collateral mortgages is affirmed.
The stay order previously entered is can-celled.
Costs of this appeal are assessed to defendant-appellant.
Affirmed.