MILLER, Judge.
This writ was granted and the June 2, 1971 sheriff’s sale stayed to permit our review of the allegation that defendant relator’s mortgaged property was ordered sold under executory process without sufficient authentic evidence. The application convinced us that the judgment of executory process was based in part on insufficient authentic evidence. Most of the issues presented in this writ application are before us in Scarborough v. Duke, La.App., 251 So.2d 55, handed down this date.
The judgment of executory process was based in part on a $5,000 promissory note made payable to the Bank of Jena. There was no authentic evidence in the record to support the Bank of Jena’s endorsement, and the Bank of Jena was not a party to the foreclosure proceeding.
The requirement of authentic evidence to support every link in the necessary chain of evidence in an executory proceeding is the very foundation of exec-utory procedure. LSA-C.C.P. Art. 2635. To justify the order of seizure and sale, every muniment of title and every link of evidence must be in authentic form. Miller, Lyon & Co. v. Cappel, 36 La.Ann. 264 (1884).
The trial court’s judgment of April 20, 1971 denying the writ of injunction is reversed only insofar as it failed to enjoin the sheriff’s sale based on the $5,000 mortgage dated October 12, 1966, recorded in Mortgage Book 62 at page 568, Records of LaSalle Parish, Louisiana. The injunction is granted to that limited extent. Costs of this writ application are assessed to respondent.
Reversed in part, and rendered.