933 So.2d 222 (2006)
NORWEST BANK
v.
Junius C. WALKER, and Eddie M. Walker (a/k/a Eddie Mae Baker) and the United States of America, Internal Revenue Service.
No. 2005-CA-1068.
Court of Appeal of Louisiana, Fourth Circuit.
May 24, 2006.
Stacy C. Wheat, Jane Faia Mentz, Shapiro & Mentz, L.L.P., Metairie, LA, for Plaintiff/Appellee, Norwest Bank.
*223 John McKnight, Katy, TX, In Proper Person and for Defendant/Appellant, Gert Town Enterprise Economic Redevelopement, Inc.
(Court composed of Judge JAMES F. McKAY, III, Judge TERRI F. LOVE, Judge LEON A. CANNIZZARO, JR.)
CANNIZZARO, Judge.
First National Bank of Chicago ("First of Chicago") foreclosed on a mortgage affecting real estate owned in part by Gert Town Enterprises Economic Redevelopment, Inc. ("Gert Town"). An in rem judgment[1] in favor of First of Chicago was rendered in the foreclosure suit, and Gert Town is appealing that judgment.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
Norwest Bank initially filed suit on a promissory note made by Junius C. Walker and Eddie M. Walker, also known as Eddie Mae Baker, that was originally payable to New Orleans Federal Savings and Loan Association but was subsequently transferred to Norwest. Payments on the note were in arrears, and Norwest sued to enforce a mortgage that secured the payment of the note. The mortgage covered property in New Orleans located at 3413-15 Audubon Court, 3409-11 Audubon Court, and XXXX-XX-XX½ Bloomingdale Court.
Because the whereabouts of Mr. and Mrs. Walker were unknown, an attorney was appointed by the trial court judge to represent them in the suit by Norwest. After the suit was filed by Norwest, First of Chicago was substituted as the plaintiff in the suit, and the United States Internal Revenue Service was added as a defendant. First of Chicago was substituted as the plaintiff, because it had acquired the note securing the mortgage. The Internal Revenue Service was added as a defendant, because it had filed tax liens against the mortgaged property. A consent judgment, however, was subsequently rendered that provided for the discharge of the tax liens against the mortgaged property, so that it could be sold after foreclosure free of the liens.
An in rem judgment recognizing the mortgage on the mortgaged property was granted in favor of First of Chicago and against Mr. and Mrs. Walker. Because the judgment was in rem, it affected only the mortgaged property and not Mr. and Mrs. Walker personally, but First of Chicago reserved its rights to sue them personally.
The mortgaged property was seized by the Orleans Parish sheriff and sold at public auction. First of Chicago was the highest bidder at the auction, and the mortgaged property was transferred to First of Chicago by a sheriff's deed.
After the mortgaged property was purchased by First of Chicago, First of Chicago moved to rescind the sale, because at the time of the sale, Gert Town and others owned an interest in the mortgaged property and had not been made parties to the foreclosure proceeding. The trial court granted the motion to rescind the sale and also ordered that all mortgages and other encumbrances that had been inscribed against the mortgaged property at the time of the sale to First of Chicago be reinstated and reinscribed in the public records.
*224 After the original sale to First of Chicago was rescinded, First of Chicago filed a supplemental and amending petition for the enforcement of the mortgage. Tarnisia Eyette Walker and Gert Town were added as additional defendants in the proceeding, and the unopened succession of Mr. Walker[2], who was deceased, was substituted for Mr. Walker as a defendant. The supplemental and amending petition alleged that Mrs. Walker was deceased and that a judgment of possession in her succession had been rendered placing Tarnisia Walker in possession of Mrs. Walker's undivided one-half community interest in the mortgaged property. Additionally, the supplemental and amending petition alleged that prior to his death, Mr. Walker donated to Gert Town his undivided one-half interest in the mortgaged property.
Gert Town answered the supplemental and amending petition and denied all of its allegations except the allegations pertaining to the identity of Mr. and Mrs. Walker and to the donation of Mr. Walker's interest in the mortgaged property to Gert Town. Because the whereabouts of Tarnisia Walker were unknown, an attorney was appointed by the trial court to represent her in the foreclosure proceeding.
First of Chicago then filed a motion for summary judgment. In connection with the motion for summary judgment, First of Chicago presented an affidavit to evidence the amount of the debt on the note that was secured by the mortgage as well as evidence of the mortgage itself, which contained a confession of judgment[3] by the mortgagors. A certificate of advertisement in the Times Picayune newspaper was submitted to the trial court as evidence that a search for the note, which had been lost, had been conducted.
A judgment was entered on the motion for summary judgment. An in rem judgment, which recognized the mortgage by Mr. and Mrs. Walker, was rendered in favor of First of Chicago and against the unopened succession of Mr. Walker, Tarnisia Walker, and Gert Town in the amount due on the note secured by the mortgage plus interest, reasonable attorneys' fees, and all other amounts permitted by the terms of the mortgage. First of Chicago's rights to sue any debtors on the note were preserved, and the judgment affected the mortgaged properties only. Gert Town is now appealing the judgment.

DISCUSSION

Standard of Review
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Reynolds v. Select Props., Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. See also Indep. Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, 231.
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). If the court finds that *225 a genuine issue of material fact exists, then summary judgment must be rejected. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. The burden of proof does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Id. At that point, if the party opposing the motion "fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La. C.C.P. art. 966(C)(2). Summary judgment should then be granted.

Assignments of Error

Assignment of Error No. 1: The trial court committed error in granting the in rem summary judgment in favor of First of Chicago in the absence of an original promissory note and in the absence of a certified copy of a notarial act of transfer of the note, the mortgage securing the note, and the assignment of leases and rents.
Foreclosures on immovable property in Louisiana can be brought by an ordinary proceeding or by an executory proceeding. See Hibernia Bank & Trust Co. v. LaCoste, 190 La. 162, 182 So.2d 314 (1938). La. C.C.P. art. 2631 provides that "[e]xecutory proceedings are those which are used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act importing a confession of judgment. . . ." In a foreclosure by executory process, much of the evidence must be by authentic act.[4]See La.C.C.P. arts. 2635-37.
In a foreclosure proceeding by ordinary process, the general rules applicable to ordinary lawsuits are followed. In the instant case, which is a foreclosure by ordinary process, the promissory note that is secured by the mortgage is not required to be introduced into evidence if the requirements of La. R.S. 13:3741 are met. That statute provides in relevant part:
In every case where a lost instrument is made the foundation of a suit it must appear that the loss has been advertised within a reasonable time in a public newspaper and proper means taken to recover the possession of the instrument.
In the instant case, the record contains a certificate of publication by the accounts receivable manager of the Times-Picayune Publishing Corporation stating that an advertisement reading as follows was published in The Times-Picayune newspaper:
Anyone knowing the whereabouts of one certain mortgage noted [sic] dated May 28, 1986, payable to the order of New Orleans Federal Savings Loan Association, in the sum of $28,000 dollars, signed by Junius C. Walker and Eddie M. Walker. [sic] Please contact Jane Faia Mentz, Attorney at Law, (504) 831-7726.
This certificate of publication, together with an affidavit executed by the assistant secretary of Alliance Mortgage Company, the mortgage servicing agent for First of Chicago, stating that she had personal knowledge that First of Chicago was the last holder of the note but that the note was lost or misplaced by First of Chicago, was introduced into evidence in connection with the motion for summary judgment in *226 this case. Because the certification of publication and the affidavit were uncontradicted, they were sufficient to prove the existence of the lost mortgage note.
Gert Town has also asserted that it was error for the trial court to permit foreclosure on the mortgaged property, because there were no notarial acts of transfer showing the transfers pursuant to which First of Chicago ultimately obtained ownership of the note secured by the mortgage. In a foreclosure by ordinary proceedings, there is no requirement that evidence of the transfer of the note secured by the mortgage be by authentic act.[5] In the instant case, the ownership of the mortgage note was evidenced by the affidavit of the assistant secretary of the mortgage-servicing agent for First of Chicago.
The existence of the original note and its chain of title were properly proven in the instant case. This assignment of error is without merit.

Assignment of Error No. 2: The trial court committed error by "applying an Act of Sale Mortgage rules" to render an in rem judgment.
In this assignment of error, we assume that Gert Town is asserting that there are different rules that apply to the foreclosure of a mortgage securing a loan that was used to purchase the mortgaged property as opposed to a loan, such as an equity loan, that was not used to purchase the mortgaged property, this assignment is without merit. The same methods of foreclosure are applicable to both purchase money mortgages and other types of mortgages that affect immovable property.
We note that Rule 1-3 of the Uniform RulesCourts of Appeal provides that Louisiana courts of appeal "will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise." Additionally, Rule 2-12.4 of the Uniform RulesCourts of Appeal requires that all specifications or assignments of error must be briefed. Further, Rule 2-12.4 states that "[t]he court may consider as abandoned any specification or assignment of error which has not been briefed." This assignment of error has not been specifically briefed. Therefore, we do not consider it.

Assignment of Error No. 3: The trial court committed error in granting the in rem judgment without a certified history of payment of the account, and "a proper transfer of the balance was not performed on the account in question using the Uniform Commercial Code."
Gert Town has not cited the provisions of the Uniform Commercial Code upon which this assignment of error is based. Thus, this aspect of the assignment of error has not been briefed, and under Rule 2-12.4 of the Uniform RulesCourts of Appeal, we are not obligated to consider it.
To the extent that this assignment of error asserts that a certified history of the account was required to be introduced into evidence before the trial court could render judgment in this case, we find that this assignment of error is also without merit. The affidavit executed by the assistant secretary of Alliance Mortgage Company, the mortgage servicing agent for First of Chicago, contained the amount due on the note secured by the mortgage sought to be foreclosed, and no contradictory evidence of the amount due on the note was presented in connection with the motion for summary judgment. Therefore, *227 the amount contained in the affidavit was satisfactory evidence of the amount owed on the note. Additionally, we know of no legal requirement that a certified history of the payments on a mortgage note be presented in an ordinary foreclosure proceeding.

Assignment of Error No. 4: The trial court committed error in accepting First National Bank of Chicago as a substitute under La. C.C.P. arts 801-807, "because there must be a legal transference of the subject matter of the note itself."
Articles 801 through 807 of the Louisiana Code of Civil Procedure refer to the rules regarding the procedure for substituting a new party in a lawsuit when, among other things, the original litigant has died. These articles do not relate to the instant case, and the relationship was not briefed by Gert Town. We are, therefore, unable to consider this assignment of error. Rule 2-12.4 of the Uniform RulesCourts of Appeal. Thus, this assignment of error is without merit.

Legal Authorities Cited by Gert Town
Gert Town has cited four cases in its brief in support of its position.[6] We note, however, that all of these cases involved foreclosures by executory process, not foreclosure by ordinary proceedings, which is what is involved in the instant case. Therefore, these cases are not applicable in the instant case.

First of Chicago's Burden of Proof
First of Chicago moved for summary judgment in the instant case and bore the burden of proof on the motion for summary judgment. The pleadings and affidavits in the record prove the essential elements required to be proved by First of Chicago. Therefore, First of Chicago met its initial burden of proof. To defeat the motion for summary judgment filed by First of Chicago, Gert Town was required to oppose the motion for summary judgment by showing that a genuine issue of material fact existed. To show this, Gert Town could have presented to the trial court opposing affidavits, depositions, or answers to interrogatories, but it did not do so. Therefore, no genuine issue of material fact was raised, and First of Chicago was entitled to summary judgment.

CONCLUSION
There is no merit to the assignments of error raised by Gert Town. The judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] An in rem judgment operates directly against property and affects all parties' interest in the property. Black's Law Dictionary 860 (8th ed.2004). In contrast, a personal judgment imposes personal liability on a defendant and may be satisfied from any of the defendant's property not exempt from seizure.
[2] Gert Town has not raised the issue of whether the unopened succession was a proper party in this case, and we have not considered it.
[3] La. C.C.P. art. 2632 provides that "[a]n act evidencing a mortgage or privilege imports a confession of judgment when the obligor therein acknowledges the obligation secured thereby, whether then existing or to arise thereafter, and confesses judgment thereon if the obligation is not paid at maturity."
[4] La. Civil Code art. 1833(A) provides that an authentic act is "a writing executed before a notary public or other officer authorized to perform that function, in the presence of two witnesses, and signed by each party who executed it, by each witness, and by each notary public before whom it was executed."
[5] La. C.C.P. arts. 2635-37 set forth the requirements regarding the use of authentic evidence in foreclosure proceedings in which executory process is used.
[6] Gert Town cited the following cases in its brief: Bank of Louisiana v. Yolo Corp., 430 So.2d 756 (La.App. 5th Cir.1983); Fabacher v. Hammond Dairy Co., 389 So.2d 87 (La.App. 4th Cir.1980); Sternberg v. Mason, 339 So.2d 373 (La.App. 1st Cir.1976); and Scarborough v. Duke, 251 So.2d 58 (La.App. 3rd Cir.1971).