WELLS FARGO FINANCIAL LOUISIANA, INC.

VERSUS

ZOIE BREAUX BORDELON A/K/A ZOIE B, BORDELON A/K/A ZOIE BORDELON, ERNEST BORDELON, JR., DONALD W. BORDELON A/K/A DONALD BORDELON AND GERALDINE A. BORDELON A/K/A GERALDINE BORDELON

NO. 21-CA-80

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 757-924, DIVISION "H"
HONORABLE GLENN B. ANSARDI, JUDGE PRESIDING

December 22, 2021

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and John J. Molaison, Jr.

**REVERSED**
    **MEJ**
    **FHW**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Nancy J. Vega
Chief Deputy, Clerk of Court

DEFENDANT/APPELLANT,
DONALD W. BORDELON
    In Proper Person

COUNSEL FOR PLAINTIFF/APPELLEE,
WELLS FARGO FINANCIAL LOUISIANA, LLC
    Christopher D. Meyer

**JOHNSON, J.**

Appellant, Donald W. Bordelon, *pro se* defendant in the foreclosure action that is the subject of this appeal, seeks review of the 24th Judicial District Court's January 27, 2020 judgment[1] in favor of Appellee, Wells Fargo Financial Louisiana ("WFLA") for $63,140.32, plus attorney's fees, costs and interests. For the following reasons, we vacate the November 10, 2021 judgment[2] and remand the matter for further proceedings.

*FACTS AND PROCEDURAL HISTORY*

On February 16, 2016, WFLA filed a "Petition to Enforce Promissory Note with Recognition of Mortgage" as an ordinary proceeding and prayed for judgment against Ernest and Zoie Breaux Bordelon and Donald and Geraldine Bordelon for $63,140.32--the alleged unpaid principal balance on the note--together with 12.96% annual interest, reasonable attorney's fees actually incurred by Plaintiff, and "any other applicable amounts provided for by the Act of Mortgage and applicable law." On March 9, 2000, Zoie and Ernest Bordelon, Donald Bordelon's parents, executed a multiple indebtedness mortgage for up to $150,000 in favor of Norwest Financial America, Inc.[3], Wells Fargo Financial Louisiana's ("WFLA") predecessor-in-interest, with the property located at 733 Blanche Street in Metairie. That same day, Donald, Geraldine, Zoie, and Ernest signed a Note and Security Agreement borrowing a principal amount of $22,209.61 from Norwest Financial

---

[1] Mr. Bordelon requested review of the January 27, 2020 judgment, arguing that the court's subsequent February 20, 2020 judgment was an absolute nullity. Upon initial review of the record, this Court discovered the February 20, 2020 Amended Judgment did not comply with the decretal language requirements and, therefore, did not constitute a valid, final judgment necessary to confer appellate jurisdiction. We then invoked our supervisory jurisdiction and ordered the trial court to amend the February 20, 2020 judgment. A newly elected judge, different from the one who previously heard the matter, issued another amended judgment upon receiving orders from this Court to do so on June 4, 2021.

[2] The January 27, 2020 judgment lacked decretal language, the matter was remanded, and the district court amended the judgment a third time. We will refer to the amended judgment as the November 10, 2021 judgment.

[3] According to Mr. Bordelon, Norwest Financial America changed its name to Wells Fargo Financial America and the Multiple Indebtedness Mortgage was assigned to Wells Fargo Financial America on December 18, 2000. On October 15, 2015, the mortgage was assigned to WFLA.

America, Inc..  WFLA alleged the defendants defaulted on the note and mortgage by failing to pay the monthly installments as due and remained in default after WFLA declared and accelerated "the entire principal sum, interest, attorney's fees, etc. due and payable" as permitted by the alleged Fixed Rate Note "made and executed by Donald and Geraldine Bordelon" for $72,354.00 on March 6, 2003. Attached to the petition was a lost note affidavit executed on January 11, 2016, and an Act of Mortgage, which had been recorded in Jefferson Parish in 2000.  Upon learning of the deaths of Ernest Bordelon and Zoie Bordelon in 2005 and 2010, respectively, WFLA filed an amended petition on April 26, 2016, naming the unopened succession of Ernest Bordelon, Jr. and the unopened succession of Zoie Breaux Bordelon a/k/a Zoie B. Bordelon a/k/a Zoie Bordelon as additional defendants and requesting that a curator *ad hoc* be appointed.

WFLA filed Motion for Summary Judgment on January 27, 2017, requesting an *in rem* judgment against defendants.  WFLA averred that they are the owners of the note executed in 2000 payable to the order of Norwest Financial America, Inc. and secured by the mortgage over the property located at 733 Blanche Street in Metairie and defendants failed to pay the November 11, 2010 installment payment when it was due and have remained in default under the terms of the Note.  WFLA stated that there were no genuine issues of material fact, and it was legally entitled to the requested *in rem* judgment in the amounts past due.

Donald W. Bordelon, representing himself *pro se*, filed an answer to the motion for summary judgment and a cross motion for summary judgment on March 23, 2017.  Donald argued that no mortgage was ever filed validating the 2003 "lost note" which was the subject of the lawsuit.  He also claimed that the 2000 loan had been paid off in 2003 and challenged WFLA's claim that the 2003 Note was secured by the 2000 mortgage.  He explained that the multiple indebtedness mortgage signed by his parents was assigned to Wells Fargo

Financial America, Inc. on December 18, 2000, and then assigned to WFLA on October 15, 2003.

Mr. Bordelon averred that he paid off the 2000 Note in 2003, and that the affidavit attached to the original petition claimed, incorrectly, that the 2000 mortgage secured the 2003 loan. He further averred that the affidavit attached to WFLA's motion for summary judgment alleged that he owned $115,140.00 (versus the $63,140.32 prayed for), does not specify which note he defaulted on and when, and that the loan was subject to interest "at variable rates" but all the prior communication referred to "fixed interest rates."

WFLA filed a motion to reset the hearing on its motion for summary judgment on February 1, 2018. Mr. Bordelon re-filed his answer and affidavit in response and a curator was appointed for the unopened successions and his ex-wife. WFLA filed an amending and supplemental petition on April 10, 2018 stating that the promissory note it is seeking to enforce was executed in 2003. WFLA also requested that all references to a fixed rate note be removed from its Petition and that the mortgage referenced in its original petition was a multiple indebtedness mortgage which secured future advances. Mr. Bordelon answered that WFLA failed to attach a copy of the 2003 Note, as required by La. C.C.P. arts. 2635(A)(2) and 2636, and asked that WFLA's original and amended petitions be denied.

Mr. Bordelon filed suit in federal court alleging that WFLA's attorney violated federal laws. After the parties settled the federal suit on December 21, 2018, Mr. Bordelon subsequently filed a motion on February 22, 2019 to amend his cross-motion for summary judgment and add counter-claims of malicious prosecution and a LUPTA violation. In response to a request for admissions filed in the federal case, WFLA admitted that they did not have a Note executed in 2003 in their possession, or copies of cancelled checks from Donald W. Bordelon

indicating there were payments on the purported 2003 mortgage loan for his home on 733 Blanche Street in Metairie, but maintained that the 2003 Note was secured by the 2000 Multiple Indebtedness Mortgage.

In response, WFLA filed a Peremptory Exception of Res Judicata on June 14, 2019 asking the court to dismiss Mr. Bordelon's latest claims. In the memorandum in support of the exception, WFLA explained that the malicious prosecution claims and LUPTA claims were barred by the parties' Settlement Agreement and Release of All Claims in the federal case. A hearing was held on the exception on August 20, 2019. The exception was granted, and the counter-claims of Mr. Bordelon were dismissed with prejudice on October 10, 2019.

In an addendum to WFLA's motion for summary judgment filed November 12, 2019, WFLA averred that Defendants were sent a demand letter on February 1, 2012, which informed them that they had until March 6, 2012 to bring the loan current or the note would be accelerated at that time. Because the note was accelerated on March 6, 2012, WFLA argued that its foreclosure action had not prescribed and reiterated its demand for *in rem* judgment in its favor. Mr. Bordelon replied that the letter threatened to accelerate a non-existent note and that, even if the note had been accelerated on March 6, 2012, pursuant to La. C.C.P. art. 561, the executory process action would have been abandoned on March 5, 2015.

At the hearing on the motions for summary judgment held November 13, 2019, the district court found that the addendum to the motion for summary judgment WFLA, filed the day before, raised new issues of material fact. The district court found it was "precluded from granting either one of your summary judgments" and the matter was set for trial on January 27, 2020.

At trial, Kathleen S. Anderson, a loan verification consultant, testified about a lost note affidavit written by a Wells Fargo Bank, N.A. vice president of loan

documentation. Ms. Anderson advised the court that lost note affidavits are created when the prior servicer lost the note, or if there was a change in systems. WFLA introduced into evidence the lost note affidavit along with the multiple indebtedness mortgage and the original 2000 Note. The court also admitted the payment history, which Ms. Anderson explained showed how the original balance of $22,209.61 was satisfied via a "no cash payoff because they requested more money." She also testified that there was a loan taken out on July 7, 2003 for $72,354.90 and that there were requests for loss mitigation on that loan. The court also accepted into evidence two letters from Mr. Bordelon, which read in part, "It is my full intention to pay what I owe but at this time I have exhausted all of our income and resources, so we are turning to you for help," requesting loan modification, and the two response letters from WFLA. On cross-examination, Ms. Anderson stated that she had worked for the company since October of 2007, and went into greater detail about the search for a lost note that takes place before executing a lost note affidavit. Ms. Anderson testified that WFLA believed that there was a lost note in this case based on the payments made by the Bordelons, according to their system.

Mr. Bordelon asserted that an action based on an acceleration of a loan prescribes in three years and the first time the demand letter was mentioned during the case was November 2019. He also implied that the payments were not proof that the 2003 Note existed, "the fact that my mother and father, being really old and just paying bills that they don't know if they got it or they don't before they were deceased." On cross-examination, Mr. Bordelon acknowledged that he sent the letters requesting loan modification within five years of the filing of WFLA's lawsuit. He testified that he never received the money the payment history showed as being disbursed on July 7, 2003 and he had no explanation as to where the

money went. He said the letters he sent in 2014 and 2016 were generalized letters he received through the modification company.

In closing arguments, WFLA argued that Mr. Bordelon's letters interrupted prescription by acknowledgment pursuant to La. C.C.P. art 3464. Also, La. C.C. art. 3498 provides prescription tolls from the date the acceleration is due. WFLA also prayed for reasonable attorney's fees and apologized about the 2003 Note being lost, but asserted that they followed the procedure in La. R.S. 9:5168(B) to create the lost note affidavit. WFLA concluded by asking the court to acknowledge that money was borrowed and secured by a mortgage, and requested the amount they were owed by law via an *in rem* judgment.

Mr. Bordelon closed by restating that his parents were old and "[b]asically they'd get bills and they'd pay them." He stated that mediation was the quickest resolution to the pending foreclosure "until [he] actually figured out what was what" and discovered that there was "no loan taken out, []no note, no mortgage [ . . .] no mortgage for the house even in the clerk of court's office [ . . .] so I don't know where any of this comes from." Mr. Bordelon concluded by stating that WFLA has never been able to show him paperwork that proved he actually owed them money.

The district court summarized that the case was based on a petition to enforce a promissory note. After a bench trial, the court found that there was a mortgage that established a $150,000.00 line of credit; the initial note of $22,209.00 was executed as the same time as the mortgage; the mortgage instrument allowed more than one note to be secured by the mortgage; the second draw of $72,354.00, also secured by the 2000 mortgage, paid off the 2000 Note; the two original makers are now deceased; the Bordelons requested "forbearance and rewrite because of difficulties"; the last payment on the note was made in 2010; the default notice was sent in 2014; and there were loan modifications in

2014. The district court concluded that there was an interruption of prescription and found for WFLA "as requested in the amount of $63,140.00 plus 12 percent from date of last payment." In its January 27, 2020 judgment, accompanied by reasons for judgment, the district court also awarded WFLA $5,000.00 in attorney fees and assessed each party for their own costs.

Mr. Bordelon then filed a motion for new trial on February 7, 2020. The district court subsequently issued an amended judgment and reasons for amended judgment on February 20, 2020. On September 30, 2020, the district court heard the motion for new trial.[4] Mr. Bordelon's motion for new trial was denied. In the subsequent October 27, 2020 written judgment, the district court ordered "the (February 20, 2020) Amended Judgment and Amended Reasons for Judgment previously entered in this matter shall remain undisturbed." Appellant then filed the instant appeal.

*ASSIGNMENTS OF ERROR*

Mr. Bordelon alleges the trial court erred when it : 1) determined that the 2003 Note existed; 2) allowed the lost note affidavit to be used to obtain judgment against his parents' successions more than a year after their death; 3) ignored evidence of an insurance policy which should have paid off the debt; 4) held that prescription was interrupted by Mr. Bordelon's 2014 and 2016 letters requesting loan modification; 5) accepted the testimony of Kathleen S. Anderson "even though she was 'testifying' about records from an outside vendor she apparently had never seen before; and 6) issued an amended judgment "making a material change (added new persons obliged to pay the debt) without conducting a hearing."

*LAW AND DISCUSSION*

First, we address assignment of error six. There were two judgments rendered by the trial court prior to the lodging of this appeal, and neither judgment is sufficient to invoke this Court's appellate jurisdiction. Both the January 27, 2020 and February 20, 2020 judgments were deficient because they did not contain the

---

[4] Mr. Bordelon argued in his memorandum in support of his motion for new trial that the February 20, 2020 judgment was an absolute nullity because substantive changes were made to the judgment without a hearing or the agreement of both parties. However, neither party, nor the district court addressed that issue at the hearing on the motion.

necessary decretal language and the relief granted could not be determined from a review of the judgments alone.

The February 20, 2020 judgment was not a valid, appealable judgment for two additional reasons. First, in addition to lacking decretal language, the February 2020 judgment, issued by the former judge in Division "H," also stated, in error, that the district court held a hearing on cross-motions for summary judgment on January 27, 2020, instead of a trial on the merits. A thorough review of the record reflects that a trial on the merits—and not a hearing on summary judgment motions—took place on January 27, 2020. The district court dismissed the cross motions for summary judgment on November 13, 2019 and the motions for summary judgment were not re-urged, or new motions for summary judgment filed before the January 27, 2020 trial. Moreover, as a result of this Court's oversight in reviewing only the most recent February 20, 2020 judgment and ordering amendment of the same prior to the docketing of this appeal on May 5, 2021, the district court's June 4, 2021 judgment propagated the error. Consequently, the June 4, 2021 judgment is also not a valid, appealable judgment. In this Court's October 29, 2021 order, we vacated the February 20, 2020 and June 4, 2021 judgments.

If appealed, a final judgment that does not contain the appropriate decretal language shall be remanded to the trial court, which shall amend the judgment in accordance with Article 1951 within the time set by the appellate court. La. C.C.P. art. 1918(A). Because the remaining January 27, 2020 judgment was also not a valid, final, appealable judgment, on October 29, 2021 we also remanded this matter and ordered the trial court to amend the January 27, 2020 judgment, pursuant to La. C.C.P. arts. 2088(A)(4) and 2132, to reflect the relief granted following trial on the merits. See *Bourgeois v. Kost*, 02-2785 (La. 5/20/03); 846 So.2d 692, 695. To sum, Mr. Bordelon's sixth assignment of error has merit, and

has been addressed. The resulting November 10, 2021 judgment is a valid, final judgment upon which we are able to exercise our appellate jurisdiction and consider the merits of the case.

Upon our review of the record, we find that WFLA failed to prove compliance with the statutory requirements set forth in La. R.S. 13:3741—required to prove the existence and subsequent enforcement of a lost note—and that the district court erred in failing to consider same.  For the following reasons, we find that WFLA failed to introduce sufficient evidence to support its action, and we reverse the district court's November 2021 judgment.

A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding that was manifestly erroneous or clearly wrong. *N & F Logistic, Inc. v. Cathay Inn Int'l, Inc.*, 14-835 (La. App. 5 Cir. 4/15/15); 170 So.3d 275, 277, *citing Stobart v. State, Dept. of Transp. and Developmen*t, 617 So.2d 880, 882, n. 2 (La. 1993).

An appellate court must render judgment upon the record on appeal. La. C.C.P. art. 2164; *Boes Iron Works, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 05-782 (La. App. 5 Cir. 3/28/06); 927 So.2d 553, 556.  The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, jury instructions, judgments and other rulings, unless otherwise designated. *Id.*; La. C.C.P. arts. 2127 and 2128.  "Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08); 983 So.2d 84, 88–89.  Statements in appellate briefs are not evidence.  *McKoin Starter & Generator, Inc. v. Snap-On Credit Corp.*, 37,210 (La. App. 2 Cir. 6/25/03); 850 So.2d 924, 927, *writ denied,* 03-2605 (La. 12/12/03); 860 So.2d 1156.  As a court of record, we must limit our review to

evidence in the record before us.  *U.S. Bank Nat. Ass'n v. Custer*, *supra* at 305. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence.  *Id.*

Our review of the record indicates that WFLA improperly relied on La. R.S. 9:5168 to establish the existence of the lost 2003 Note for purposes of enforcing the obligation memorialized by the lost note.  La. R.S. 9:5168 outlines the procedure to prove by affidavit the existence of a promissory note that has been lost or destroyed, but paid, forgiven, or otherwise satisfied.  The existence of a lost promissory note containing obligations a party wishes to enforce must be established pursuant to La. R.S. 13:3740 and 13:3741.

La.R.S. 13:3740 provides for proof of the contents of a lost negotiable instrument, stating in pertinent part:

> When an instrument in writing, containing obligations which the party wishes to enforce, has been lost or destroyed, by accident or force, evidence may be given of its contents, provided the party show the loss, either by direct testimony, or by such circumstances, supported by the oath of the party, as render the loss probable;....

In such cases, La.R.S. 13:3741 requires that the loss of the note be advertised. It provides, in pertinent part:

> In every case where a lost instrument is made the foundation of a suit or defense, it must appear that the loss has been advertised within a reasonable time in a public newspaper and proper means taken to recover the possession of the instrument;....

This statute also allows the plaintiff to post security in lieu of such advertisement.

*U.S. Bank Nat. Ass'n v. Custer*, 09-802 (La. App. 5 Cir. 2/9/10); 33 So.3d 303, 305.

> In a foreclosure proceeding by ordinary process, the general rules applicable to ordinary lawsuits are followed. In the instant case, which is a foreclosure by ordinary process, the promissory note that is secured by the mortgage is not required to be introduced into evidence if the requirements of La. R.S. 13:3741 are met.

*Norwest Bank v. Walker*, 05-1068 (La. App. 4 Cir. 5/24/06); 933 So.2d 222, 225.

Our review of the record indicates that WFLA did not meet the requirements of La. R.S. 13:3741. Although the record contains documents purporting to show that WLFA advertised for the lost note, those documents were not properly introduced at trial. Evidence, although attached to a motion or filed into the record, could not be considered by the court unless properly admitted at trial. *See First Bank & Tr. v. Proctor's Cove II, LLC*, 13-802 (La. App. 5 Cir. 9/24/14); 150 So.3d 418, 424, *writ denied,* 14-2236 (La. 1/9/15); 157 So.3d 1110. Accordingly, at trial, WLFA failed to introduce any evidence to show that it advertised the lost note in compliance with La. R.S. 13:3741. Further, there is no evidence in the record that WFLA posted a surety bond instead of advertising. WFLA's sole witness also did not testify at trial that WFLA advertised for the lost note within a reasonable time, or posted security in lieu of advertisement. See *U.S. Bank Nat. Ass'n v. Custer, supra* at 305-06.

Because WFLA did not present sufficient proof of the 2003 Note's existence at trial, we reverse the trial court's judgment. Moreover, because we find that Mr. Bordelon's first assignment of error has merit and that WFLA failed to prove the existence of the alleged lost note on which its action is based, we pretermit further discussion of Mr. Bordelon's now moot remaining assignments of error, except to emphasize that we cannot consider arguments not timely and properly presented to the trial court first.

*DECREE*

For the foregoing reasons, we find WFLA did not prove the existence of the 2003 Note it seeks to enforce against defendants. Accordingly, the November 10, 2021 judgment of the trial court is reversed.

**REVERSED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 22, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 21-CA-80

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE GLENN B. ANSARDI (DISTRICT JUDGE)
RONNIE J. BERTHELOT (APPELLEE)          CHRISTOPHER D. MEYER (APPELLEE)

### MAILED
JEFFREY D. MARTINY (APPELLEE)
ATTORNEY AT LAW
131 AIRLINE DRIVE
SUITE 201
METAIRIE, LA 70001

DONALD W. BORDELON  (APPELLANT)
733 BLANCHE STREET
METAIRIE, LA 70003

COREY J. GIROIR (APPELLEE)
HAROLD CRADIC III (APPELLEE)
HERSCHEL C. ADCOCK, JR. (APPELLEE)
ATTORNEYS AT LAW
POST OFFICE BOX 87379
BATON ROUGE, LA 70879